J-S40005-23

2024 PA Super 117

IN RE: ESTATE OF DOROTHY A.      :    IN THE SUPERIOR COURT OF
ANDERSON                                :          PENNSYLVANIA
                                         :
                                         :
APPEAL OF: RICHARD K. ANDERSON   : 
                                         :
                                         :
                                         :
                                         :    No. 2771 EDA 2022

Appeal from the Decree Entered September 26, 2022
In the Court of Common Pleas of Delaware County Orphans' Court at
No(s): 0030-1998

BEFORE:    NICHOLS, J., SULLIVAN, J., and COLINS, J.*

OPINION BY NICHOLS, J.:                     **FILED JUNE 5, 2024**

Appellant Richard K. Anderson appeals *pro se* from the orphans' court's order removing him as the administrator of the Estate of Dorothy A. Anderson (the Estate) and appointing Shannon S. McFadden, Esq., as the administratrix of the Estate. Appellant argues that Decedent's other heirs are indispensable parties that were not served with the petition to remove Appellant as the administrator. Appellant also contends that he did not have adequate notice that the September 26, 2022 proceeding would involve his removal as the administrator. Lastly, Appellant claims that McFadden lacked standing to petition for Appellant's removal. Following our review, we affirm.

_____

* Retired Senior Judge assigned to the Superior Court.

The orphans' court summarized the facts and procedural history of this case as follows:

On December 20, 2021, Petitioners[, Thomas Deschere and Mary Ellen Healy,] filed a petition to remove [Appellant] as the administrator of the Estate . . . and for the appointment of an administrat[rix] *pendente lite*. Petitioners reside as husband and wife at 342 E. Knowlton Road, Middletown, Delaware County, Pennsylvania. Petitioners' property is located next to and shares a driveway with 338 E. Knowlton Road, Middletown, Delaware County, Pennsylvania ("the Property"), which is titled in the name of Ernest R. Anderson. Mr. Ernest [R.] Anderson died in July 1979; however, no estate was opened. Mr. Anderson was survived by his wife, Dorothy A. Anderson (Decedent), and their three children, [Appellant], Mark Anderson, and Cheryl Riley.

Decedent died intestate on October 11, 1996, and was survived by her three children. [Appellant's siblings executed renunciations of their rights to administer Decedent's Estate. On May 23, 1997, Appellant filed a petition for probate and grant of letters with the Delaware County Register of Wills. Appellant attached his siblings' renunciations to the petition. Subsequently, the] Register of Wills appointed Appellant as the administrator of Decedent's Estate. [Appellant then] moved into the Property, but never completed the probate of Decedent's Estate or transferred the title of the Property out of Decedent's name. Decedent remains the owner of the Property in title, one and ½ story home with a detached garage. The only access to the Property is through an easement located entirely on Petitioners' property which is adjacent to Decedent's Property.

According to the petition, Appellant lived at and/or utilized Decedent's Property to hoard [personal property there] until July 30, 2016[,] when a large tree fell on the home, crushing the roof and rendering it uninhabitable. Appellant failed to repair any of the damage done by the tree which remains still lying across the residence. Appellant further failed to secure the residence or the garage, and therefore, abandoned Decedent's Property. Appellant left the tree on top of the residence and allowed downed power lines to remain on the ground. In addition, Petitioners alleged that in 2002, Appellant abandoned and parked two unregistered, unlicensed, inoperable vehicles that he owns on the Property. One

of these vehicles is located partially on Petitioners' property and is listed as an asset of Decedent's Estate.

Petitioners alleged that Decedent's Property and the abandoned vehicles continue to deteriorate and present an ongoing danger. Petitioners alleged that the abandoned vehicle partially constitutes a continuing trespass on their property. Petitioners further alleged that this vehicle pollutes their property and their ground water as it disintegrates, constituting a nuisance *per se*. Petitioners alleged that the abandoned vehicles attract rodents and wildlife and have adversely affected their property's value. In addition, the Property's septic system has never been closed as required by state and local laws, posing a danger to trespassers. Petitioners alleged that in April 2019, trespassers further damaged the Property by smashing in the front door and breaking many windows. Petitioners further alleged that these trespassers attempted to forcibly enter [Petitioners'] property.

On October 28, 2020, Petitioners filed a complaint in the Delaware County Court of Common Pleas in the matter of ***Deschere et al. v. Estate of Ernest R. Anderson and Richard K. Anderson***, No. 2020-7214, alleging the following claims: nuisance, attractive nuisance, and trespass. At the time of the filing of the complaint, Petitioners incorrectly believed that Decedent predeceased her husband, Ernest, and that Appellant opened an estate for Ernest and paid the estate taxes; however, [Appellant] failed to transfer the title of the Property and continued to pay its real estate taxes. Appellant filed an answer to the complaint wherein he denied that he was the administrator of Ernest's estate and alleged that he moved out of Decedent's Property at least a decade prior to 2016. Appellant further alleged that the condition of the Property, as well as the vehicles were in stable condition and not deteriorating.

On October 18, 2021, Petitioners filed a complaint in the [Delaware] County Court of Common Pleas, ***Deschere et al. v. The Estate of Dorothy A. Anderson and Richard K. Anderson, Individually and as the Administrator of the Estate of Dorothy A. Anderson***, [No. 2021-8658] alleging the claims of nuisance, attractive nuisance, and trespass. . . .

Petitioners alleged that from 2019 to today, Middletown Township repeatedly attempted to have the Property brought into compliance with the Township's Code and filed a code violation proceeding in magisterial district court, resulting in the December 15, 2021 imposition of a $3,000 fine against Appellant. At the

magisterial district court hearing, Appellant testified that he was not legally responsible for the Property and denied paying its property taxes; however, he eventually conceded that a company he controls paid the taxes. At the district court hearing, Appellant claimed that he was unaware that he had been appointed the administrator of Decedent's Estate. Appellant filed an appeal of the magisterial district judge's decision entered against him to the Delaware County Court of Common Pleas.

On February 14, 2022, the orphans' court held a hearing on the petition [to remove Appellant as the administrator and] for appointment of administratrix *pendente lite*. Appellant appeared at the hearing stating that he received notice of the hearing from Petitioners' counsel, Kathryn Labrum[, Esq.] However, Appellant alleged that neither he nor his siblings received a copy of the petition [to remove Appellant as the administrator] . . . .

Appellant argued that he did not believe that Petitioners had standing to file this petition. In response, Attorney Labrum argued that Petitioners were "potential creditors" under 20 Pa.C.S.[] § 3183 resulting from the trespassing vehicle on their property, and therefore, may seek the appointment of an administrator of the Estate. Attorney Labrum further argued that Petitioners wanted the Property to be sold and the sale proceeds to be distributed to Decedent's heirs. [Appellant asserted that neither of his siblings had a problem with how Appellant had been managing the Estate. ***See*** N.T., 2/14/22, at 6-7.] At the hearing's conclusion, the orphans' court granted the petition[, removed Appellant as administrator, and directed the Register of Wills to grant letters of administration *pendente lite* to McFadden].

On March 18, 2022, [McFadden], acting as [the] administratrix of the Estate, sent correspondence requesting information regarding the Estate to Appellant via first-class mail and via [the] email [address] specified on Appellant's entry of appearance. When McFadden did not receive a response, she sent a follow-up correspondence on April 18, 2022. Still receiving no response, McFadden filed a petition for citation to compel filing of account and for production of information, documentation, and materials [(petition to compel)] on April 29, 2022.

Orphans' Ct. Op., 4/3/23, at 1-5 (citations omitted and some formatting altered).

We note that on April 19, 2022, McFadden filed a certification with the register of wills indicating that she had given notice to the beneficiaries of the Estate (*i.e.*, Appellant and his siblings) of her appointment as administratrix *pendente lite* pursuant to Pa.R.O.C.P. 10.5.

Appellant filed a timely appeal from the orphans' court's February 14, 2022 order.[1]  The orphans' court summarized the subsequent procedural history as follows:

> Due to concerns of the orphans' court regarding proper service of the petition to remove [Appellant] as [the] administrator, McFadden filed an application for extraordinary relief with the Superior Court asking the Court to . . . remand the case to allow Petitioners to serve the petition in accordance with the applicable Pennsylvania Orphans' Court Rules.  [Specifically, McFadden explained that the December 20, 2021 petition to remove Appellant as the administrator of the Estate did not have a certificate of service.  **See** App. for Extraordinary Relief, 619 EDA 2022, 7/8/22, at 3-4.]  On August 1, 2022, the Superior Court granted McFadden's application for relief and vacated the orphans' court February 14, 2022 order.  [**See** Order, 619 EDA 2022, 8/1/22 (*per curiam*).]

Orphans' Ct. Op. at 5-6 (citation omitted and some formatting altered).

On August 5, 2022, the orphans' court scheduled a hearing for September 26, 2022.  On September 14, 2022, McFadden filed proof of service indicating that the Mifflin County Sheriff's Office had personally served Appellant with her petition to compel and the orphans' court's citation to show cause on August 25, 2022.  **See** Sheriff's Return of Service, 8/25/22

---

[1] This Court's Prothonotary assigned the docket number 619 EDA 2022 to that appeal.

McFadden also filed a certificate of service that she served Appellant with a copy of the orphans' court's decree scheduling the September 26, 2022 hearing via first class mail. *See* McFadden's Cert. of Service, 9/14/22. Neither Petitioners nor McFadden have filed a certificate of service confirming that they had served Appellant with the December 20, 2021 petition to remove him as administrator.

The orphans' court summarized the September 26, 2022 hearing as follows:

> Both McFadden and Appellant were present at this hearing. McFadden confirmed that on the morning of the September 26, 2022 hearing, she visited the Property and the tree was in fact still on the Property splitting the structure in two; she also alleged that electric wiring was down on the house. At the hearing, McFadden raised her concern that the Estate is languishing, and the Property is in dangerous shape.
>
> In addition, McFadden emphasized that there are several outstanding creditors' claims, requiring an administrator in place to resolve said claims and move forward with the administration of the Estate. McFadden proposed the removal of Appellant as [the] administrator, pursuant to Sections 3183 and 3182 of the Probate, Estates, and Fiduciaries Code [(Probate Code)], for wasting or mismanaging the assets of the Estate and failing to perform duties imposed on him by law and requested the appointment of a new administrator. Appellant advised the Court that the tree fell on the home in 2016. He asserts that he has attempted to cut a large part of the tree and cut back into the house as much as he was able. He has contacted several people without success and has considered having someone attempt to chainsaw the tree off by hand, rather than bring in any heavy equipment. [Appellant again asserted that neither of his siblings had any concerns that Appellant was damaging the value of the Estate. *See* N.T., 9/26/22, at 11.] At the conclusion of this hearing, the orphans' court re-appointed McFadden as [the] administratrix of the Estate, pursuant to 20 Pa.C.S.[] §§ 3182-3183.

Orphans' Ct. Op. at 6-7 (citations omitted and some formatting altered).

Appellant filed a timely appeal. Both the orphans' court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues:

1. Should [] Appellant have been given proper notice that the Petitioner Shannon McFadden, Esq[.,] was seeking to remove him as the administrator?

2. Was each heir an interested and indispensable party entitled to notice that Shannon McFadden, Esq[.,] sought to remove [Appellant] as [the] administrator?

3. Did the Petitioner Shannon McFadden, Esq[.,] lack standing to request the removal of [Appellant] as [the] administrator when the Petitioner was not an heir, creditor or an interested party in the Estate?

Appellant's Brief at 3 (some formatting altered).[2]

**Waiver**

Before addressing the merits of Appellant's claims, we must determine whether he has preserved them for appeal. This Court may raise the issue of waiver *sua sponte*. ***See Tucker v. R.M. Tours***, 939 A.2d 343, 346 (Pa. Super. 2007). "The issue of waiver presents a question of law, and, as such,

_____

[2] Appellant also argues that "[n]o one was sworn in as a witness and no actual evidence was presented[]" at the September 26, 2022 hearing. Appellant's Brief at 9. This claim was not raised in Appellant's Rule 1925(b) statement nor was it included in the statement of questions presented in his brief. Therefore, it is waived. ***See*** Pa.R.A.P. 1925(b)(4)(vii) (stating that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived"), 2116(a) (providing that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby").

our standard of review is *de novo* and our scope of review is plenary." ***Trigg v. Children's Hosp. of Pittsburgh of UPMC***, 229 A.3d 260, 269 (Pa. 2020) (citation omitted).

"In order to preserve a claim on appeal, a party must lodge a timely objection. Failure to raise such objection results in waiver of the underlying issue on appeal." ***In re Estate of Byerley***, 284 A.3d 1225, 1240 (Pa. Super. 2022) (citation omitted); ***see also*** Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal"); ***In re Estate of Brown***, 30 A.3d 1200, 1204 (Pa. Super. 2011) (explaining that "the issue of standing may be waived by a party if not objected to at the earliest possible opportunity" (citation omitted and formatting altered)). Further, "[a]n issue identified on appeal but not developed in the appellant's brief is abandoned and, therefore, waived." ***In re D.N.G.***, 230 A.3d 361, 363 n.2 (Pa. Super. 2020) (citation omitted).

Here, the orphans' court concluded that Appellant waived the first, second, fourth, fifth, and seventh issues that he raised in his Rule 1925(b) statement because he failed to raise them at the September 26, 2022 hearing. ***See*** Orphans' Ct. Op. at 8. Specifically, those claims are that (1) McFadden lacks standing, (2) Appellant did not receive notice that the September 27, 2022 hearing would address his removal as the administrator, (4) the orphans' court lacked jurisdiction because of the failure to join Appellant's siblings, who are indispensable parties, (5) the orphans' court never obtained personal jurisdiction over indispensable parties, and (7) the orphans' court erred by

"ignoring the clear implications" of this Court's August 1, 2022 order vacating the orphans' court's February 14, 2022 order. *See* Appellant's Rule 1925(b) Statement, 11/15/22, at 1-2 (unpaginated).

The three issues Appellant presents in his appellate brief correspond to the second, fourth, and first issues in his Rule 1925(b) statement, respectively. ***Compare id. with*** Appellant's Brief at 3. Therefore, Appellant has abandoned any claims raised in his Rule 1925(b) statement that he did not develop in his appellate brief. ***See D.N.G.***, 230 A.3d at 363 n.2 (stating that "[a]n issue identified on appeal but not developed in the appellant's brief is abandoned and, therefore, waived" (citation omitted)).

Further, based on our review of the record, we agree with the orphans' court that Appellant did not raise any of the issues presented in his appellate brief before the orphans' court at the September 26, 2022 hearing. ***See*** N.T., 9/26/22, at 3-12. Therefore, Appellant has waived his claims that he did not receive notice that the hearing would address his removal as administrator and that McFadden lacked standing to seek Appellant's removal because Appellant has raised these issues for the first time on appeal. ***See Estate of Byerley***, 284 A.3d at 1240; ***Estate of Brown***, 30 A.3d at 1204; Pa.R.A.P. 302(a). Accordingly, Appellant is not entitled to relief on these claims.[3]

---

[3] In any event, even if Appellant properly preserved his claims that he did not receive notice of the purpose of the September 26, 2022 hearing and that McFadden lacked standing, we agree with the trial court's conclusions that he is not entitled to relief. ***See*** Orphans' Ct. Op. at 12-13 (explaining that

*(Footnote Continued Next Page)*

However, we disagree with the orphans' court that Appellant waived his claim that his siblings are indispensable parties because the failure to join an indispensable party is a challenge to a court's subject matter jurisdiction that cannot be waived. **See In re Navarra**, 185 A.3d 342, 349 (Pa. Super. 2018). Therefore, we shall address Appellant's claim regarding the failure to serve indispensable parties on the merits.

### Failure to Join Indispensable Parties

Appellant argues that Petitioners and McFadden failed to join Decedent's other heirs, *i.e.*, Appellant's siblings, because neither Petitioners nor McFadden served them with copies of the petition to remove Appellant as the administrator of the Estate or citations to show cause. Appellant's Brief at 12-14. Appellant claims that his siblings are indispensable parties because as intestate heirs of Decedent, they have "a superior right" over McFadden to be appointed as the replacement administrator. **Id.** at 12 (citing 20 Pa.C.S. § 3155(b)). Appellant concludes that the failure to join his siblings as indispensable parties deprived the orphans' court of subject matter jurisdiction. **Id.** at 14 (citing **Kinney v. Lacey**, 252 A.3d 644 (Pa. Super 2021)).

---

Appellant's statements during the September 26, 2022 hearing indicated his awareness that the proceeding involved the appointment of an administrator of the Estate); **id.** at 13-14, 16-17 (explaining that because the orphans' court can *sua sponte* remove an administrator for cause under Section 3183, Petitioners and McFadden's standing to file a petition for Appellant's removal was moot).

McFadden responds that Section 3183 does not require notice to any party because it permits the orphans' court to remove a personal representative on its own motion. McFadden's Brief at 33-34. McFadden also argues that Appellant's siblings are not indispensable parties because they do not have a superior right to be appointed as the new administrator of the Estate over McFadden because they renounced those rights. *Id.* at 32 (citing S.R.R. at 2b-3b).[4]

"It is well-settled that the question of subject matter jurisdiction may be raised at any time, by any party, or by the court *sua sponte*. Our standard of review is *de novo*, and our scope of review is plenary." *In re Estate of Huber*, 197 A.3d 288, 292 (Pa. Super. 2018) (citations omitted and formatting altered).

This Court has explained that

[i]n general, an indispensable party is one whose rights are so connected with the claims of the litigants that no decree can be made without impairing its rights. . . .

The absence of an indispensable party goes absolutely to the court's jurisdiction. If an indispensable party is not joined, a court is without jurisdiction to decide the matter. The absence of an indispensable party renders any order or decree of the court null

---

[4] On March 6, 2024, this Court ordered the orphans' court to supplement the record with the register of wills' record and a more detailed docket indicating which parties were served with copies of the orphans' court's orders and decrees under Pa.R.O.C.P. 4.6. The orphans' court complied, and the renunciations were included in the supplemental certified record. Further, we may cite to the parties' reproduced and supplemental reproduced records for the parties' convenience.

and void. The issue of the failure to join an indispensable party cannot be waived.

***Navarra***, 185 A.3d at 349 (citation omitted and formatting altered).

When determining if a party is indispensable to a particular litigation, we consider the following:

1. Do absent parties have a right or an interest related to the claim?

2. If so, what is the nature of that right or interest?

3. Is that right or interest essential to the merits of the issue?

4. Can justice be afforded without violating the due process rights of absent parties?

***Martin v. Rite Aid of Pa., Inc.***, 80 A.3d 813, 814 (Pa. Super. 2013) (citation omitted); ***see also Kinney***, 252 A.3d at 648.

"If no redress is sought against a party, and its rights would not be prejudiced by any decision in the case, it is not indispensable with respect to the litigation." ***Grimme Combustion, Inc. v. Mergentime Corp.***, 595 A.2d 77, 81 (Pa. Super. 1991) (citation omitted).

Section 3183 of the Probate Code states, in relevant part:

The court on its own motion may, and on the petition of any party in interest alleging adequate grounds for removal shall, order the personal representative[5] to appear and show cause why he should not be removed, or, when necessary to protect the rights of creditors or parties in interest, may summarily remove him. Upon removal, the court may direct the grant of new letters . . . of administration by the register to the person entitled . . . .

---

[5] Here, the administrator of the estate.

- 12 -

20 Pa.C.S. § 3183.

The Probate Code does not define a "party in interest." However, the Rules of Orphans' Court Procedure define an "interested party" as "one or more individuals or entities having or claiming an interest in the estate, trust, person or other entity that is the subject of the legal proceeding[.]" Pa.R.O.C.P. 1.3.

The Rules of Orphans' Court Procedure further provide that

(a) The clerk shall immediately give written notice of the entry of an adjudication or court order in a particular matter to each interested party's counsel of record or, if unrepresented, to each interested party. The notice shall include a copy of the adjudication or court order.

(b) The clerk shall note in the docket the date when notice was given to the interested party or to his or her counsel under subparagraph (a) of this Rule.

Pa.R.O.C.P. 4.6.

Further, this Court has held that when an orphans' court removes a personal representative pursuant to Section 3183, the orphans' court cannot "disregard the strictures [of Section 3155] regarding who is entitled to serve as the personal representative of an estate." *In re Estate of Andrews*, 92 A.3d 1226, 1234 (Pa. Super. 2014).

Section 3155 states, in relevant part:

**(b) Letters of administration.**—Letters of administration shall be granted by the register, in such form as the case shall require, to one or more of those hereinafter mentioned and, except for good cause, in the following order:

    (1) Those entitled to the residuary estate under the will.

- 13 -

> (2) The surviving spouse.
>
> (3) Those entitled under the intestate law as the register, in his discretion, shall judge will best administer the estate, giving preference, however, according to the sizes of the shares of those in this class.
>
> (4) The principal creditors of the decedent at the time of his death.
>
> (5) Other fit persons.
>
> (6) If anyone of the foregoing shall renounce his right to letters of administration, the register, in his discretion, may appoint a nominee of the person so renouncing in preference to the persons set forth in any succeeding paragraph.

20 Pa.C.S. § 3155(b)(1)-(6).

"The register of wills may exercise discretion in appointing an administrator from within the class of persons eligible for appointment [set forth in Section 3155(b)] to oversee the estate of one who has died intestate." *In re Estate of Dilbon*, 690 A.2d 1216, 1219 (Pa. Super. 1997) (citation omitted and some formatting altered). Additionally, the register of wills "may grant letters other than in the sequence listed if 'good cause' to do so exists." *Id.* at 1218 (citation omitted).

Lastly, we note that "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant." *Coulter v. Ramsden*, 94 A.3d 1080, 1088 (Pa. Super. 2014) (citations omitted).

Here, the orphans' court explained:

> The rights of Appellant's siblings, the heirs of Decedent's Estate, are being jeopardized by Appellant's continued failure to administer Decedent's Estate. Therefore, the rights of the heirs are not prejudiced by Appellant's removal as [the] administrator.

- 14 -

In fact, it is more beneficial for the heirs in protecting their rights to have Appellant removed as [the] administrator and another re-appointed in its place to move the Estate along. The goal in closing out this Estate would be to sell the Property, in which the proceeds of the sale would be distributed to the heirs of the Estate. If anything, justice will be served by Appellant's removal as [the] administrator of the Estate.

Attorney McFadden has notified the heirs of Decedent's Estate of this matter through multiple communications. Specifically, correspondence has been provided to Appellant, Cheryl Riley, and Mark Anderson (children of Decedent), and they were all provided notice with respect to the court's decrees in this matter.[6] Justice has been afforded by removal of Appellant as administrator, despite the absence of two out of the three of Decedent's heirs.

_____

[6] As noted above, following this Court's August 1, 2022 order vacating the orphans' court's February 14, 2022 order and remanding for further proceedings, neither Petitioners nor Attorney McFadden ever filed a certificate of service confirming that they served Appellant with the December 20, 2021 petition to remove him as administrator as required by Pa.R.O.C.P. 3.5(b)(2) (stating that "[a] certificate of service, listing the names and addresses of those individuals and entities receiving notice of the filing of the petition, shall be appended to, or filed contemporaneously with, the petition"). As previously stated, Appellant waived this issue because he did not raise it before the orphans' court at the September 26, 2022 hearing. Nevertheless, we do not condone Petitioners and McFadden's apparent failure to comply with the Rules of Orphans' Court Procedure.

We further note that the orphans' court docket entries state that the orphans' court sent notice of the entry of its orders and decrees to interested parties pursuant to Pa.R.O.C.P. 4.6. However, the orphans' court's docket entries do not identify the interested parties to whom notice was sent. On March 6, 2024, this Court ordered the orphans' court to supplement the record with a more detailed docket indicating which parties that the orphans' court served with copies of its orders and decrees under Pa.R.O.C.P. 4.6. The orphans' court complied. However, the supplemental certified record does not include copies of notices sent to interested parties prior to December 6, 2022. Therefore, this Court cannot determine whether the orphans' court served Appellant's siblings with notice of the September 26, 2022 hearing. Regardless, as previously stated, Appellant waived this issue because he did not raise it before the orphans' court at the September 26, 2022 hearing.

Orphans' Ct. Op. at 15 (some formatting altered).

Here, Appellant's siblings executed renunciations of their right to administer the Estate in 1997. *See* S.R.R. at 2b-3b. Therefore, Appellant's claim that his siblings are indispensable parties pursuant to Section 3155 because their right to be appointed as the administrator is "superior" to McFadden's is not supported by the record. *See Estate of Andrews*, 92 A.3d at 1234 (explaining that the orphans' court cannot "disregard the strictures [of Section 3155] regarding who is entitled to serve as the personal representative of an estate"). Appellant has not identified any other right or interest of his siblings that is "so connected with the claims of the litigants that no decree can be made without impairing [their] rights." *See Navarra*, 185 A.3d at 349; *see also Martin*, 80 A.3d at 814. This Court will not act as counsel and develop additional arguments on Appellant's behalf. *See Coulter*, 94 A.3d at 1088. Therefore, Appellant has failed to establish that that his siblings were indispensable parties to the Section 3183 proceedings, or that Petitioners' failure to join them deprived the orphans' court of subject matter jurisdiction over this matter. *See Navarra*, 185 A.3d at 349.

For these reasons, we conclude that Appellant is not entitled to his relief on this claim and affirm the orphans' court's order.

Order affirmed. Jurisdiction relinquished.

Judge Colins joins the opinion.

Judge Sullivan concurs in the result.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: 6/05/2024