J-S25034-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ESTATE OF VINCENT E. ROMANO, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: THOMAS J. ROMANO | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 45 EDA 2024 |

Appeal from the Order Entered December 11, 2023
In the Court of Common Pleas of Bucks County Orphans' Court at No(s):
2007-0088

BEFORE:  DUBOW, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED OCTOBER 03, 2024**

Thomas J. Romano ("Romano") appeals pro se from the order entered by the Bucks County Court of Common Pleas ("orphans' court") appointing Attorney Gregory McCarthy as Successor Administrator d.b.n.c.t.a. of the Estate of Vincent E. Romano, deceased.  Romano purports to raise several claims regarding the orphans' court's jurisdiction and overall authority to appoint a successor administrator and contending that Romano should have been appointed the administrator of the estate pursuant to a 2007 codicil. Because Romano waived his claims by failing to present any argument in support thereof, we affirm.

The orphans' court set forth the following relevant facts:

The underlying matter upon which this appeal is based concerns the Estate of Vincent E. Romano, Deceased.  On April 13, 2007, [Romano] initiated guardianship proceedings through a petition requesting the appointment of a guardian for his father,

Vincent E. Romano. On June 12, 2007, after multiple petitions and hearings, th[e orphans' c]ourt entered a [d]ecree which declared Vincent E. Romano to be an incapacitated person and appointed Deborah L. Klock as plenary guardian of his person and estate.

On May 5, 2010, decedent died testate, domiciled in Bucks County, Pennsylvania. Decedent was survived by nine of his children. On or about the date of decedent's death, [Romano] filed an informal caveat with the Register of Wills of Bucks County, in which he contended that on January 30, 2007, decedent executed a codicil to his will of February 9, 2001. The codicil named [Romano], decedent's son, to serve as executor. Michael Romano, brother of [Romano] and another son of decedent, filed a Petition for Grant of Letters Testamentary with the Register on May 5, 2010. Michael Romano offered a will for probate that was dated June 15, 1998, which nominated Michael Romano to serve as executor.

The Register of Wills scheduled a hearing for August 31, 2010, to resolve the will contest. By agreement of the parties, the Register of Wills admitted to probate decedent's February 9, 2001 will and appointed John Gonzales, Esquire, as the neutral administrator of the decedent's estate. Since the neutral administrator was appointed, both the decedent's estate and the guardianship estate have been the subject of extensive litigation, which has included objections to the estate accounting filed by the [c]ourt-appointed administrator of decedent's estate, John Gonzales, Esquire, (hereinafter "Administrator Gonzales") and objections to the guardianship accounting of the [c]ourt-appointed guardian, Deborah Klock.

During the intervening years, no party to the litigation has moved for a hearing on the outstanding objections to the multiple accounts in this case. The undersigned sua sponte scheduled a final hearing on the merits of the objections on March 17, 2020. The hearing was ultimately continued due to the Covid-19 pandemic. On February 22, 2021, the undersigned sua sponte entered a [c]ase [m]anagement [o]rder, which denied all outstanding pre-trial motions and set an April 2, 2021, deadline for the filing of any further pre-trial motions.

On March 18, 2022, Administrator Gonzales filed a "Petition to Remove Administrator c.t.a. by Consent." On May 18, 2022, a

hearing was held on the merits of the petition. Administrator Gonzales presented evidence at hearing that he was suffering from some physical effects of Parkinsons disease, but he did not allege he was experiencing any cognitive difficulties. [On May 24, 2022, the orphans' court] denied the [p]etition to [r]emove Administrator Gonzales on the grounds that he had not alleged any medical emergency or condition that would require immediate removal. On June 14, 2022, [Romano] filed a [n]otice of [a]ppeal from th[e orphans' c]ourt's [o]rder of May 24, 2022, which denied the "Petition to Remove the Administrator by Consent" filed by Administrator Gonzales. On September 28, 2022, the [orphans' court] received an unsolicited letter from the physician of Administrator Gonzales raising concerns about the progression and cognitive effects of his Parkinsons disease. On October 13, 2022, [the orphans' court] sent a letter to all interested parties in the case referencing the above correspondence and stating that Administrator Gonzales or any other party could renew their request that he be removed when appropriate.

On March 21, 2023, the Superior Court issued an Opinion affirming th[e orphans' c]ourt's [o]rder of May 24, 2022. [*Estate of V.E.R.*, 1515 EDA 2022, 2023 WL 2583845 (Pa. Super. Mar. 21, 2023) (non-precedential decision).] On July 17, 2023, th[e orphans' c]ourt entered an [o]rder stating that our May 24, 2022 [o]rder was still in effect, but advising that any party could renew by motion the petition to have Administrator Gonzales removed as administrator of the Estate of Vincent E. Romano.

On August 14, 2023, [Romano] filed a "Petition to Remove the Administrator c.t.a, Mr. Gonzales, Due to Health Reasons Which Requires the Court to Either Release In Full the Contents of the Ex parte Communications From Mr, Gonzales Physician to the Honorable Theodore Fritsch or Subpoena Mr. Gonzales' Physician to Testify at a Future Hearing Also if the Court Determines that the Administrator, c.t.a., Mr. Gonzales Needs to be Removed for Health Reasons then the Court Will Simultaneously Require for Preservation of the Estate That All Estate Assets Under the Personal Control of the Administrator c.t.a., Mr. Gonzales Including But Not Limited To the Estate Jewelry in Mr. Gonzales Home, the Estate Bank Accounts Etc. Be Given to the Court for Safe Keeping" [sic].

On August 24, 2023, [Administrator Gonzales] filed a "Renewed Motion to Remove Administrator cta by Consent." On

November 13, 2023, a hearing was held on the renewed petitions to remove Administrator Gonzales.

At the hearing, Administrator Gonzales presented evidence for the first time that his Parkinsons disease was affecting his cognition. On December 11, 2023, th[e orphans' c]ourt granted the petitions to remove Administrator Gonzales, insofar as they requested his removal, directed Administrator Gonzales to turn over any estate property to the [o]rphans' [c]ourt for safekeeping, and appointed Gregory McCarthy, Esquire, as Successor Administrator d.b.n.c.t.a of the Estate of Vincent E. Romano, Deceased.

On December 26, 2023, [Romano] filed a [n]otice of [a]ppeal to the Superior Court from our [o]rder of December 11, 2023.

Orphans' Court Opinion, 2/2/2024, at 1-4 (footnote omitted).

On appeal, Romano raises the following questions for our review:

1.   Does the Honorable Theodore Fritsch have the jurisdiction to appoint a new Administrator per statutory and case law which are described in detail in the Legal Authorities section?

2.   Is the appointment of an Administrator or Executor in the exclusive jurisdiction of the Register of Wills in the Orphans Court per statutory and case law which are described in detail in the Legal Authorities section except in cases where the Clerk of the Orphans Court has made a mistake which is not applicable here?

3.   Does the Order dated 12/11/2023 which lacks any citation to legal authorities against Supreme Court Case law and statutory law for transparency and doing judicial things in ways to not give the appearance of impropriety?

4.   Was the 2001 Will and 2007 Codicil to the Will followed by the [] Honorable Theodore Fritsch in the Order dated 12/11/2023[, and] is the following of the Will and Codicil required by statutory and case law?

5.      Was due process followed when there was never any court hearing which allowed the questioning of the new Administrator Mr. McCarthy or an agreement between the parties to appoint this new Administrator, Mr. McCarthy?

Appellant's Brief at 3-4 (unnumbered).

Before addressing Romano's claims, we must determine whether his brief complies with the Pennsylvania Rules of Appellate Procedure. ***See*** Pa.R.A.P. 2101 (noting parties to an appeal must submit briefs in conformity with the Pennsylvania Rules of Appellate Procedure). "Although this Court is willing to liberally construe materials filed by a pro se litigant, pro se status confers no special benefit upon the appellant." ***In re Ullman***, 995 A.2d 1207, 1211-12 (Pa. Super. 2010) (citation omitted). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." ***Id.*** at 1212 (citation omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." ***In re Est. of Anderson***, 317 A.3d 997, 1006 (Pa. Super. 2024) (citation omitted).

Although Romano's brief appears to track, verbatim, Rule 2111(a) of our Rules of Appellate Procedure (addressing the required contents of an appellate brief), Romano fails to include the required content in certain of the subsections, rendering his claims unreviewable. For example, the argument section of Romano's brief is not "divided into as many parts as there are questions to be argued," and fails to include any argument whatsoever. ***See*** Pa.R.A.P. 2119(a). Instead, Romano provides a list of statutes and case law,

without any discussion or analysis of how this legal authority applies to the issues raised in the statement of questions, as is required by our rules. *See id.* In fact, Romano's brief contains no recitation of the facts.[1] This not only constitutes a violation of Rule 2117(a)(4),[2] but leaves this Court without any ability to discern whether the law included in Romano's brief supports any of his contentions. To that end, Romano fails to state any basis upon which any relief may be granted in contravention of the requirements of Rule 2119.

Although we may liberally construe Romano's brief, his violations of the Pennsylvania Rules of Appellate Procedure prohibit our ability to conduct any meaningful review. We are therefore constrained to conclude that Romano's claims are waived on appeal. *See Banfield v. Cortes*, 110 A.3d 155, 168 n.11 (Pa. 2015) ("Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") (citation omitted).

Order affirmed.

_____

[1] Romano's brief includes a one-sentence statement of the case — "This case involves the Estate of Dr. Vincent Romano deceased." Appellant's Brief at 4 (unnumbered).

[2] Rule 2117(a)(4) requires the statement of the case to include "[a] closely condensed chronological statement, in narrative form, of all the facts which are necessary to be known in order to determine the points in controversy, with an appropriate reference in each instance to the place in the record where the evidence substantiating the fact relied on may be found." Pa.R.A.P. 2117(a)(4).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/3/2024