J-A24009-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: GLORIA DECKARD, DECEASED | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: WILLIAM DECKARD, SR., ROBIN S. DECKARD, WILLIAM DECKARD, JR. & PATRICK MAWHINNEY | : : : : : | |
| | : | No. 3140 EDA 2023 |

Appeal from the Adjudication Entered October 23, 2023
In the Court of Common Pleas of Philadelphia County Orphans' Court at
No(s):  180 DE of 2013

BEFORE:  LAZARUS, P.J., KING, J., and LANE, J.

MEMORANDUM BY LAZARUS, P.J.:          **FILED JANUARY 29, 2025**

William Deckard, Sr. ("William"), Robin S. Deckard, William Deckard, Jr., and Patrick Mawhinney (collectively, "Appellants") appeal from the adjudication, entered in the Court of Common Pleas of Philadelphia County, Orphans' Court Division, confirming the First and Final Account of Linda Hee, Esquire, Administratrix d.b.n.c.t.a. of the Estate of Gloria Deckard, Deceased ("Decedent").  We affirm.

Due to our disposition, we need not provide a lengthy recitation of the factual and procedural history of this matter, which has been pending before the Orphans' Court for over ten years.  In brief, Decedent died testate in 2012, leaving her residuary estate to William and his sister, Kathleen Emory, in equal shares and appointing Kathleen as executrix.  Letters Testamentary were granted to Kathleen on December 26, 2012.

Prior to her death, Decedent owned and operated a sole proprietorship known as the Beer Hut, a beer distributorship located at 9911 Northeast Avenue in the City of Philadelphia. The Beer Hut, and the liquor license owned by Decedent to operate the business, were the principal assets of the estate. Following Kathleen's appointment as executrix, a dispute arose between Kathleen and William over the right to operate the Beer Hut. Ultimately, the Orphans' Court concluded that the parties could not work together in the best interests of the estate and appointed Drew Salaman, Esquire, as a Special Master to oversee the operations of the Beer Hut and make decisions as to a potential sale of the business, "whether to any of the beneficiaries, or as a business entity to an outside purchaser or as a piecemeal sale of the license, inventory, business name, etc." Decree, 7/18/13, at 2-3 (unpaginated).

On December 23, 2014, the Orphans' Court removed Attorney Salaman as Special Master and replaced him with David Grunfeld, Esquire. The court gave Attorney Grunfeld a mandate "to see that the Decedent's business assets[,] also known as 'The Beer Hut[,]' together with all personal[]ty, licenses, and appurtenances which comprise said business . . . are evaluated and liquidated at a private or public sale to raise the highest price for [the estate]." Decree, 12/23/14, at 1. On January 30, 2015, in light of Kathleen's failure to cooperate with both her own counsel and the Special Master, and on the recommendation of the Special Master, the court ordered the immediate closure and liquidation of the business. *See* Decree, 1/30/15.

- 2 -

Upon petition of William, by decree dated February 12, 2015, the Orphans' Court removed Kathleen as executrix and appointed Attorney Grunfeld as administrator *ad litem* pending the appointment of a successor. Thereafter, Attorney Grunfeld requested that the court grant him authority to sell the remaining Beer Hut assets and liquor license at public sale; the court granted such authority by decree dated June 12, 2015.

On June 17, 2015, Linda Hee, Esquire, was appointed administratrix d.b.n.c.t.a. by the Register of Wills. On July 27, 2015, Kathleen filed an account of her administration of the estate, to which William filed objections. Kathleen died on August 1, 2016, and was replaced as personal representative of Decedent's estate by her husband, Steven Emory. Following a hearing on William's objections, the Orphans' Court granted a non-suit in favor of the accountant.

Attorney Hee filed an account of her own tenure as administratrix d.b.n.c.t.a. on October 22, 2020, to which William filed objections, amended objections, and second amended objections. Notably, in none of those pleadings did William challenge the legality of the sale of the Decedent's liquor license. A hearing on the objections was held on November 8, 2021, and, on October 23, 2023, the Orphans' Court entered an adjudication overruling all of William's objections and confirming Attorney Hee's account as stated. This

timely appeal[1] follows, in which Appellants raise the following claim for our review:

> D[id] the Orphans' Court commit [an] abuse of discretion by: acting in [the] absence of jurisdiction and proceeding without an indispensable party, specifically the Pennsylvania Liquor Control Board (the "PLCB"), by attempting to illegally pass the Commonwealth's property through the decedent's estate (among multiple other due process violations)?

Brief of Appellant, at 2.

Prior to addressing the merits of Appellants' claim, we must determine whether that claim has been preserved on appeal. Our Supreme Court has consistently held that "an appellate court cannot reverse a trial court judgment on a basis that was not properly raised and preserved by the parties." ***Danville Area Sch. Dist. v. Danville Area Educ. Ass'n***, 754 A.2d 1255, 1259 (Pa. 2000). Where a party fails to preserve an issue for appeal, the Superior Court may not address that issue *sua sponte*. ***Knarr v. Erie Ins.***

---

[1] On January 17, 2024, this Court issued an order directing Appellants to show cause why their appeal should not be quashed as untimely filed. Specifically, the Orphans' Court docket indicates that Appellants filed their notice of appeal on December 1, 2023, 39 days after the entry of the adjudication, in violation of Pa.R.A.P. 903(a) (notice of appeal to be filed within 30 days of entry of order from which appeal taken). Appellants responded to the rule to show cause, averring that they timely filed their notice of appeal on November 22, 2023. Appellants attached to their response a screen shot of the First Judicial District's e-filing site, showing that the notice of appeal, bearing e-file number 2311050671, was successfully submitted to the Clerk of the Orphans' Court at 8:05 p.m. on November 22, 2023. Because it appears that a breakdown in the e-filing operations of the court caused Appellants' notice of appeal to be reflected on the docket as untimely, we will consider the notice of appeal to be timely filed. ***See Commonwealth v. Braykovich***, 664 A.2d 133, 136 (Pa. Super. 1995) (appellate courts retain power to grant relief from effects of breakdown in court system).

- 4 -

***Exch.***, 723 A.2d 664, 666 (Pa. 1999) (holding Superior Court exceeded proper scope of review by addressing issue not preserved).

Here, Attorney Hee asserts that Appellants have waived their claim because it was never raised in the court below. ***See*** Brief of Appellee, at 6. While it is true that Appellants challenged neither the legality of the transfer of the liquor license nor the failure to join the PLCB as a party in the court below, "the failure to join an indispensable party is a challenge to the court's subject matter jurisdiction that cannot be waived." ***In re Estate of Anderson***, 317 A.3d 997, 1004 (Pa. Super. 2024). Thus, we may consider the merits of Appellants' claim.

Our standard of review of the findings of an orphans' court is deferential.

> When reviewing a decree entered by the Orphans' Court, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion.
>
> ***In re Estate of Geniviva***, [675 A.2d 306, 310 (Pa. Super. 1996)] (internal citations omitted). However, "we are not constrained to give the same deference to any resulting legal conclusions." ***Id.*** "[W]here the rules of law on which the [court] relied are palpably wrong or clearly inapplicable, we will reverse the [court's] decree." ***Horner v. Horner***, 719 A.2d 1101, 1103 (Pa. Super. 1998) (discussing standard of review for courts of equity).

***In re Estate of Walter***, 191 A.3d 873, 878–79 (Pa. Super. 2018).

Here, Appellants argue that the Orphans' Court lacked jurisdiction to issue the appealed-from adjudication because the PLCB was an indispensable

party where "the Orphans' Court attempt[ed] to pass through the estate a non-probate asset, the PLCB license." Brief of Appellants, at 5. Appellants argue that, had it been joined as a party, the PLCB "would have told the trial judge what he didn't want to hear—that the PLCB license is not the estate's personal property under 20 Pa.C.S.A. § 301[] and[,] therefore, cannot pass through the estate." *Id.* at 5.[2] Appellants cite to *Feitz' Estate*, 167 A.3d 504 (Pa. 1961), as "controlling precedent" standing for the principle that a PLCB license is a personal privilege and not a property right and, thus, not an asset of the deceased holder's estate. *Id.* at 7. Appellants misapprehend the holding in *Feitz' Estate*.

The Pennsylvania Liquor Code provides for the transfer of licenses under conditions provided for in the Code. *See* 47 P.S. § 4-468. Upon the death of a licensee, a license

> may be transferred immediately to the surviving spouse or to the decedent's estate upon presentation of the transfer form, application, filing fee, and short form certificate from the registrar of wills. If it is desired to transfer the license to a person designated by and acting for the administrator or executor, the transfer application and fee, with written evidence of the designation, shall be submitted by the administrator or executor.

40 Pa. Code § 7.5.

---

[2] We note with disapproval the flippant and disrespectful tone taken by counsel in Appellants' brief. *See, e.g.*, Brief of Appellants, at 5 (comparing actions of Orphans' Court to "an episode out of Mayberry R.F.D."). This Court expects the conduct of counsel to reflect the values of professionalism and civility befitting members of the bar.

In **Feitz' Estate**, our Supreme Court was asked to decide whether the value of the statutory right to transfer a liquor license upon the death of the holder was subject to inclusion in the decedent's estate for inheritance tax purposes. In concluding that the right to apply for a PLCB license transfer was a property right and, thus, "a valuable asset of the decedent's estate," the Court reasoned as follows:

> As between the Commonwealth and the licensee of a restaurant liquor license, the license is simply a personal privilege subject to termination for cause or upon the death of the licensee; by its very nature, the license itself does not become an asset of the estate of the deceased licensee. However, since, by legislative fiat, upon the death of the licensee, the board is invested with the authority to transfer the license to the licensee's surviving spouse or personal representative or to a person designated by the licensee, the right to apply for such transfer is a right which possesses value. The legislative intent is evident; the holder of a restaurant liquor license has the right to designate the person who may apply for a transfer of such license after his death and, in the absence of such designation, the surviving spouse or personal representative may do so. The statute [e]nsures that the holder of the license, by action or inaction, may pass on the right to apply for a transfer of the license. It is this right—a valuable right—which the decedent has[,] as distinguished from the license itself.

**In re Feitz' Estate**, 167 A.2d 504, 507–08 (Pa. 1961).

Here, contrary to Appellants' assertion, it was not the license itself, but rather the value of the right to apply to transfer the license, that was included in Decedent's estate. The transfer process itself is subject to the procedures established by the legislature, set forth in Subchapter A of Title 40 of the Pennsylvania Administrative Code, and overseen by the Liquor Control Board. Appellants cite to no authority—and we can find none—requiring that the PLCB

be joined as a party in every Orphans' Court account proceeding in which the decedent was the owner of a liquor license. Accordingly, we affirm the adjudication of the Orphans' Court.

Adjudication affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/29/2025