J-S43044-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| EVELYN CUSTODIO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MABRANTES, LLC, AND MIGUEL | : | |
| ABRANTES | : | |
| | : | |
| Appellants | : | No. 1639 EDA 2024 |

Appeal from the Judgment Entered May 15, 2024
In the Court of Common Pleas of Monroe County Civil Division at No(s):
002094-CV-2022

BEFORE:  BOWES, J., STABILE, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED FEBRUARY 06, 2025**

In this dispute over a residential-property transaction, Mabrantes, LLC and Miguel Abrantes ("Sellers"), appeal from the judgment entered in favor of Evelyn Custodio ("Buyer").  Because Sellers neglected to challenge the legal sufficiency of Buyer's evidence at trial, we affirm.

In June of 2020, law enforcement responded to a complaint at 117 Stroud Lane in Middle Smithfield Township.  *See* Trial Court Opinion, 3/15/24, at 3.  The officer found 99 cats living in the home with their urine and feces saturating the flooring, subflooring, drywall, and studs.  He removed the cats, but the owner did not clean the house.  A year later, on August 5, 2021, the owner conveyed the home to Sellers "in awful condition, smell[ing] of cat urine with animal waste throughout the house . . . ." *Id.*

Sellers, licensed contractors since 2005, removed the feces, flooring, some subflooring, and some drywall.  However, they did not remove all of the

urine-saturated subflooring and studs. Instead, Sellers exposed the house's bones to the air, allowed the moisture to dry, and placed various masking products over the bones to conceal the smell. Sellers then concealed the urine stains by installing new flooring and drywall.

Shortly thereafter, in the fall of 2021, Buyer toured the home. Sellers gave her an incomplete and partially falsified Real Estate Seller's Disclosure Form. Buyer contracted to purchase the home for $290,000. She had the home inspected. When the inspector arrived, "it was cool and sunny, and the doors and windows were open." *Id.* at 2. The inspector did not smell cat urine.

On December 21, 2021, the parties closed. Buyer simultaneously mortgaged the property to a third party for $275,500.

Buyer moved into the home the following spring. As the temperatures warmed, she began smelling the cat urine. She investigated the odor, and, based upon what Buyer learned, she sued Sellers for fraud and other statutory violations.

The matter proceeded to a non-jury trial. At the close of Buyer's case-in-chief, Sellers did not move for a compulsory nonsuit. *See* N.T., 2/26/24, at 85. Similarly, after all the evidence was submitted, Sellers failed to move for a directed verdict. *See id.* at 123. In fact, the parties did not even make closing arguments to the trial court.

Three weeks later, the court issued its decision, ruling that Sellers had committed fraud and violated the Real Estate Seller Disclosure Law

("RESDL").[1]   Using its equitable powers, the court rescinded the contract; awarded Buyer restitution damages[2] of $344,818.33; and ordered Buyer to return her title to the property to Sellers.

Sellers moved for post-trial relief.  They contended that the trial court erroneously "found that fraud and violations of the RESDL were established by testimony and evidence at a clear and convincing level," so that Sellers were "entitled to a verdict in their favor."  Sellers' Post-Trial Motions at 1, 3. After receiving briefs, the trial court entered an order dismissing the issue of whether legally sufficient evidence proved fraud and violations of the RESDLA as waived.  The court entered judgment in favor of Buyer, and Sellers timely appealed.

Sellers raise one issue:  "Did the trial court err in finding that fraud and violations of the RESDL were established by testimony and evidence at a clear and convincing level?"  Sellers' Brief at 5.

From reading the argument section of their brief, it is clear that Sellers contend Buyer presented legally insufficient evidence to support her causes of action.  According to Sellers, "The evidence presented simply failed to rise to the legal standard required.  There was no expert testimony at all and simply unsubstantiated conjecture by the various witnesses."  Sellers' Brief at 18.

_____

[1] **See** 68 Pa.C.S.A. §§ 7302-7315.

[2] The damage award included a refund of the purchase price, inspection costs, appraisal fees, closing costs, mortgage interest, property taxes, insurance payments, utilities, winterization costs, and HOA fees.

The remainder of Sellers' brief is a litany of the evidence that Sellers believe Buyer needed to produce to establish her prima facia case for fraud. *See id.* at 18-20. Hence, Sellers seek judgment as a matter of law.

As mentioned, the trial court, upon consideration of Sellers' motion for post-trial relief, dismissed this issue as waived. The trial court opined, "any arguments of [Sellers] that go to the sufficiency of evidence presented by [Buyer] were waived as [Sellers] did not request a nonsuit or directed verdict at trial. *See Haan v. Wells*, 103 A.3d 60 (Pa. Super. 2014)." Trial Court Opinion, 8/20/24, at 2. "We deny any sufficiency-of-evidence claims out of hand for that reason." *Id.*

On appeal, Sellers offer no rebuttal to the trial court's finding of waiver. For her part, Buyer reiterates that Sellers' attempt to challenge the sufficiency of the evidence and obtain judgment as a matter of law is waived. *See* Buyers' Brief at 10. We agree with the trial court and Buyer.

"The issue of waiver presents a question of law, and, as such, our standard of review is *de novo*, and our scope of review is plenary." *In re Estate of Anderson*, 317 A.3d 997, 1003 (Pa. Super. 2024).

When a party moves for post-trial relief, the trial court may only grant such relief if the "grounds therefor . . . were raised in pre-trial proceedings or by motion . . . at trial." Pa.R.C.P. 227.1(b)(1). To preserve the issue of whether the defendant is entitled to judgment as a matter of law for post-trial relief, the defendant must move for a compulsory nonsuit at the close of the plaintiff's case-in-chief or for a directed verdict at the close of all the evidence.

For example, regarding a nonsuit, under Rule of Civil Procedure 230.1, "In an action involving more than one defendant . . . [a] nonsuit may be entered in favor of . . . (2) any of the defendants **who have moved for nonsuit** . . . ." Pa.R.C.P. 230.1(c)(2) (emphasis added). Similarly, regarding directed verdicts, Rule 226 provides that, "At the close of all evidence, the trial court may direct a verdict **upon the oral or written motion of any party.**" Pa.R.C.P. 226(b) (emphasis added).

As we explained in **Haan**, **supra**, "A motion for compulsory nonsuit allows a defendant to test the sufficiency of a plaintiff's evidence." **Haan**, 103 A.3d at 67. "A sufficiency of the evidence claim may also be raised through a motion for a directed verdict." **Id.** Thus, this Court adheres to the principle that a sufficiency challenge "must first be raised before the trial court by a motion for a directed verdict" to preserve it for post-trial relief and, ultimately, appellate review. **Id.**

Therefore, the Haans, "in order to preserve a challenge to the sufficiency of the evidence . . . were required in th[e] non-jury trial to move either for a nonsuit or a directed verdict." **Id.** at 68. They did not make either motion at trial. Hence, the Haans's issues "purporting to challenge the sufficiency of the evidence offered [by the appellees were] waived." **Id.**

The same result applies here. Like the Haans, Sellers did not move for a nonsuit or a directed verdict at the non-jury trial. Thus, Sellers neglected to challenge the legal sufficiency of Buyer's evidence during the trial, and they are barred from subsequently raising a sufficiency-of-the-evidence issue for

the first time in post-trial motions. *See* Pa.R.C.P. 227.1(b)(1). The trial court correctly dismissed the issue attacking the sufficiency of Buyer's evidence as waived.

Sellers' appellate issue dismissed as waived.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/6/2025