J-A27036-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JOHAN RINGENBACH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| H5 PROPERTY, INC., AND LARS BYE | : | |
| | : | |
| Appellants | : | No. 335 EDA 2025 |

Appeal from the Order Entered December 23, 2024
In the Court of Common Pleas of Chester County Civil Division at No(s):
2023-04141-TT

BEFORE:  BOWES, J., MURRAY, J., and BECK, J.

MEMORANDUM BY BECK, J.:                                        **FILED MARCH 23, 2026**

H5 Property, Inc. ("H5") and Lars Bye ("Bye") (together, "Appellants") appeal from the order granting the motion to compel filed by Johan Ringenbach ("Ringenbach"), which required Appellants to produce books and records of H5, H5 Norge AS ("H5 Norway"), HIFIVE EINDOMPARTNER SL ("H5 Spain") (referred to collectively as "the H5 entities"), and Bye in accordance with 15 Pa.C.S. § 1508.  After review, we affirm in part and reverse in part.

The trial court set forth the relevant factual history as follows:

> [This case] alleges a shareholder dispute between, Chief Operating Officer, [Ringenbach], and majority shareholder, [Bye], and their respective interests as the two sole shareholders in [H5], a Chester County corporation.  [H5 provides real estate marketing services.]

> … H5 was incorporated in or about January 2014 in West Chester, Pennsylvania.  The registered business address of H5 … was 411 West Minor Street, West Chester, Pennsylvania.  H5's articles of incorporation are registered with the Pennsylvania

Department of State and indicate that H5 … was an active Pennsylvania business entity.

Ringenbach, who lives in Brooklyn, New York, owns 25% of the H5 shares. Bye owns 75%. Ringenbach believes Bye resides in Spain and maintains an apartment in New York City. Ringenbach and Bye created two sister affiliates to H5: [H5 Norway and H5 Spain].

Ringenbach claims that between 2019 and 2023, [] Bye built up H5 Spain impermissibly with H5's assets, resources, and intellectual property while unlawfully depleting the value and assets of H5. Ringenbach asserts [] Bye perpetrated a fraud on H5 for Bye's benefit as well as the benefit of H5 Spain and H5 Norway. [] Bye allegedly took $959,000 from H5 and H5 Norway between 2021 and 2023 to be used for H5 Spain. H5 Spain was not bringing in any money and needed its bills paid by H5. Ringenbach noticed other concerning activity as well. Ringenbach confronted Bye about the troubling behavior and requested H5 be reimbursed to no avail.

Thereafter, Ringenbach made multiple requests for access to H5's financial records, QuickBooks, information about concerning payments[,] but [] Bye never provided the information. After Ringenbach repeatedly requested access to the books and records to no avail, [] Bye offered to buy Ringenbach out of his shares of the business. Ringenbach declined and [] Bye determined that H5 was struggling [] financially so he terminated Ringenbach [on April 24, 2023].

Trial Court Opinion, at 4/16/2025, at 2-4 (citations and footnotes omitted).

On June 13, 2023, Ringenbach filed a writ of summons against Appellants. On July 25, 2023, Ringenbach filed a demand for records from the H5 entities pursuant to 15 Pa.C.S. § 1508. In this demand, Ringenbach sought, inter alia, Quickbooks/Poweroffice records from the H5 entities; Chase account statements related to H5 entities; detailed transactions for each of the H5 entities; invoices from H5 Spain; payroll/independent contractor

payment history for the H5 entities; tax returns for the H5 entities, lease/loan documents entered by the H5 entities; and receipts related to payments made for Bye's personal expenditures. H5 responded that section 1508 does not compel foreign corporations to provide books and records of the company. Nevertheless, on August 15, 2023, H5 provided some records in response to Ringenbach's demand, including all invoices paid by H5 to H5 Spain, Chase Bank wire activity of funds paid to H5 Spain, H5's balance sheet, H5's tax returns, H5 Spain's tax returns, H5 Norway's annual reports, and H5 Spain's employment tax withholding statements. Ringenbach responded that Appellants denied him access to the majority of the documents and statements he sought.

On April 12, 2024, Ringenbach filed a complaint naming Appellants as defendants. In the complaint, Ringenbach requested financial records/accounting, including QuickBooks records of the H5 entities, bank statements for all accounts held by the H5 entities, profit distributions of the H5 entities, tax returns, operating documents, and revenue reports. Appellants filed preliminary objections, arguing, in part, that Bye is not a proper party for the request for records.

On May 7, 2024, Ringenbach filed a motion to compel inspection and/or production of books and records from the H5 entities and Bye. Ringenbach essentially sought the same documents as articulated in his July 25, 2023 demand. Subsequently, on June 3, 2024, Ringenbach filed an amended

complaint, asserting the same claims as the original complaint, in addition to a claim for books and records against H5. In this count, despite only raising the claim against H5, Ringenbach sought records from the H5 entities. Appellants filed preliminary objections to the amended complaint.[1]

On December 10, 2024, the trial court held a hearing to address, inter alia, Appellants' preliminary objections and motion to compel.[2] On December 23, 2024, the trial court overruled Appellants' preliminary objections. In a separate order on the same date, the trial court granted Ringenbach's motion to compel and directed Appellants to produce the documents enumerated in Ringenbach's July 25, 2023 demand and the motion to compel. Appellants filed a timely appeal from the order granting the motion to compel,[3] and a

---

[1] We note that on May 29, 2024, H5 filed a complaint against Ringenbach, alleging, inter alia, breach of fiduciary duty, theft of trade secrets, violation of the computer fraud and abuse act, conversion, and unjust enrichment. The claims in this separate action are not at issue in this appeal.

[2] This hearing was not transcribed. It is Appellants' responsibility to order all transcripts necessary to decide an appeal. *See* Pa.R.A.P. 1911 ("The appellant shall request any transcript required under this chapter in the manner and make any necessary payment or deposit therefor in the amount and within the time prescribed by Rules 4001 *et seq.* of the Pennsylvania Rules of Judicial Administration.").

[3] Appellants had filed a motion for post-trial relief seeking reconsideration of the order in question. Notably, Ringenbach filed a response indicating that he was limiting his request for documents and records to those in H5's possession and control. Appellants filed their appeal before the trial court decided the motion.

J-A27036-25

concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).[4]

On appeal, Appellants raise the following questions for our review:

1. Did the trial court err in granting the motion to compel because [Ringenbach] did not meet his burden and, in fact, submitted no evidence establishing a "proper purpose" or good faith in demanding books and records pursuant to 15 Pa.C.S.[] § 1508?

2. Did the trial court err in granting the motion to compel without conducting a hearing to resolve factual disputes regarding whether [Ringenbach] had a "proper purpose" for his books and records demand pursuant to 15 Pa.C.S.[] § 1508?

3. Did the trial court err in granting the motion to compel without allowing discovery regarding whether [Ringenbach] had a "proper purpose" for his books and records demand pursuant to 15 Pa.C.S.[] § 1508?

4. Did the trial court err by issuing final relief in the form of the December 23, 2024 order prior to the close of the pleadings, without allowing [Ringenbach] an opportunity for discovery and without a hearing, depriving Appellants of their due process rights?

5. Did the trial court err by compelling the production of books and records that are beyond the scope permitted by 15 Pa.C.S.[] § 1508?

_____

[4] "Generally, discovery orders are not final, and are therefore unappealable." **Jones v. Faust**, 852 A.2d 1201, 1203 (Pa. Super. 2004). However, an order granting the inspection of corporate records is an injunctive order. **See Hagy v. Premier Mfg. Corp.**, 172 A.2d 283, 284-85 (Pa. 1961) (holding that demand for inspection of corporate records seeks equitable relief that is injunctive in nature and, therefore, order granting or denying that relief is appealable); **see also** Appellants' Brief at 20. Accordingly, an appeal from this type of order is appealable. **See** Pa.R.A.P. 311(a)(4) (noting "[a]n order that grants or denies, modifies or refuses to modify, continues or refuses to continue, or dissolves or refuses to dissolve an injunction" is an interlocutory appeal that may be taken as of right).

- 5 -

6. Did the trial court err in granting the motion to compel inspection and/or production pursuant to 15 Pa.C.S. § 1508 … because it lacks subject matter jurisdiction over this matter because [Ringenbach] has failed to join indispensable parties H5 Norway and H5 Spain?

7. Did the trial court err in granting the motion to compel because the court lacks jurisdiction over the books and records belonging to non-parties H5 Norway and H5 Spain (or in their possession, custody and control) identified in the motion to compel that it has ordered Appellants to produce?

8. Did the trial court err by compelling the production of books and records from H5 Spain and H5 Norway pursuant to 15 Pa.C.S.[] § 1508 when the Business Corporation Law of 1988 has no application to H5 Spain or H5 Norway?

9. Did the trial court err by compelling the production of books and records from [] Bye pursuant to 15 Pa.C.S.[] § 1508 when the Business Corporation Law of 1988 has no application to [] Bye?

10. Did the trial court err by compelling the production of books and records from [] Bye because the court lacks personal jurisdiction over [] Bye?

11. Did the trial court err by compelling the production of books and records from [] Bye because [Ringenbach] has not effectuated service on [] Bye and the court's order of April 4, 2024 and service made pursuant to it violates the Hague Convention?

Appellants' Brief at 2-4 (some capitalization omitted, issues reordered).[5]

_____

[5] While Appellants raise eleven separate claims in their statement of questions involved, they have presented their argument in only four claims, in violation of the Rules of Appellate Procedure. *See* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have as the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion
*(Footnote Continued Next Page)*

**Scope of Review**

Before addressing Appellants' claims, we must determine what documents are at issue in this appeal. Notably, the trial court's December 23, 2024 order granted Ringenbach's motion to compel, which sought documents from H5, H5 Spain, H5 Norway, and Bye. **See** Trial Court Order, 12/23/2024. However, in his appellate brief, Ringenbach disclaims all claims related to records from H5 Spain, H5 Norway, and Bye, and only seeks records belonging to H5.[6] **See** Ringenbach's Brief at 7, 8 n.5, 9, 29; **see also** Response to Motion for Post-Trial Relief, 1/14/2025, at 1 & n.1.[7] Therefore, as neither Ringenbach nor the trial court contend that he is entitled to any documents from H5 Spain, H5 Norway, or Bye, we conclude that the trial court erred in granting the motion to compel as to these records. **Cf. Edenfield v. ECM Energy Servs., Inc.**, 300 A.3d 506, 514 (Pa. Super. 2023) (noting that trial

---

and citation of authorities as are deemed pertinent."); **see also Commonwealth v. B.D.G.**, 959 A.2d 362, 371 (Pa. Super. 2008) (noting "[i]n an appellate brief, parties must provide an argument as to each question, which should include a discussion and citation of pertinent authorities").

[6] Ringenbach stated the same at oral argument before this Court. Although Ringenbach alleges he agreed to limit his request for records to those in H5's possession at the hearing on the motion to compel, **see** Ringenbach's Brief at 8, we cannot independently confirm such a statement, as the hearing was not transcribed.

[7] The trial court, apparently in reaction to Ringenbach revoking any request for documents and records solely in the possession and control of H5 Spain, H5 Norway, and Bye, only addressed his right of access to the H5 records in its Rule 1925(a) opinion.

court did not have jurisdiction to compel a business to produce records under section 1508 for documents stored virtually for a corporation that was not incorporated in Pennsylvania, did not have a principal place of business in Pennsylvania, or registered to do business in Pennsylvania). In light of this conclusion, we need not address Appellants' claims related to H5 Spain, H5 Norway, and Bye—i.e., whether H5 Spain and H5 Norway were indispensable parties, whether the trial court had subject matter jurisdiction over H5 Spain and H5 Norway, and whether the trial court had personal jurisdiction over Bye.[8] *See generally In re Est. of Anderson*, 317 A.3d 997, 1005 (Pa. Super. 2024) ("If no redress is sought against a party, and its rights would not be prejudiced by any decision in the case, it is not indispensable with respect to the litigation."). Accordingly, we reverse the portion of the trial court's order directing H5 Spain, H5 Norway, and Bye to allow Ringenbach access to their records and books.

**Motion to Compel – H5**

Appellants further contend that the trial court erred in granting the motion to compel as to H5. Appellants' Brief at 30. They argue that Ringenbach failed to establish a "proper purpose" for the books and records demanded in the motion as required by section 1508(c.1). *Id.* They maintain that Ringenbach's request was part of an effort to harass H5 and Bye. *Id.* at

---

[8] Appellants do not dispute that the trial court has subject matter jurisdiction over H5.

32, 33; *see also id.* at 32 (stating they have filed a complaint against Ringenbach for theft of trade secrets wherein they averred that Ringenbach stole H5 files after his termination). Appellants contend that the trial court improperly relied on averments in Ringenbach's amended complaint to establish a proper purpose. *Id.* at 32-33. They note that the allegations in the complaint cannot be accepted as true, particularly when Appellants had no opportunity to answer the averments. *Id.* at 33. According to Appellants, "Ringenbach was required to present evidence of a proper purpose, not merely allegations." *Id.*; *see also id.* at 35.

Appellants also claim that the trial court was required to hold an evidentiary hearing on the motion, and the failure to do so prevented Ringenbach from establishing any proper purpose for the records. *Id.* at 30, 32, 35; *see also id.* at 34 (arguing the motion to compel is a request for a preliminary injunction, which require a hearing except for emergency situations). They assert that the December 10, 2024 hearing only allowed the parties to present argument, and neither party introduced any witnesses. *Id.* at 31, 35. Appellants thus argue that granting the motion without allowing them to contest whether Ringenbach had a proper purpose was a deprivation of their due process rights. *Id.* at 35-36.

Section 1508 states the following, in relevant part:

**(a) Required records.**--Every business corporation shall keep complete and accurate books and records of account, minutes of the proceedings of the incorporators, shareholders and directors and a share register.

**(b) Right of inspection by a shareholder.**--On demand, in compliance with the requirements in subsection (b.1), a shareholder has the right to examine, in person or by agent or attorney, during the usual hours for business for any proper purpose, the share register, books and records of account, and minutes of, and consents in lieu of meetings by, the incorporators, shareholders and directors and to make copies or extracts therefrom.

**(b.1) Contents and delivery of demand.**--All of the following apply to a demand under subsection (b):

(1) A proper purpose shall mean a purpose reasonably related to the interest of the person as a shareholder.

(2) In every instance where an attorney or other agent is the person who seeks the right of inspection, the demand shall be accompanied by a verified power of attorney or other document in record form that authorizes the attorney or other agent to so act on behalf of the shareholder.

(3) The demand must be:

   (i) made in good faith;

   (ii) in record form; and

   (iii) verified.

(4) The demand must describe with reasonable particularity:

   (i) the purpose of the shareholder; and

   (ii) the records the shareholder desires to inspect and how the records relate to the purpose of the shareholder.

(5) The demand must be delivered to the corporation:

   (i) at its registered office in this Commonwealth;

   (ii) at its principal place of business wherever situated;

(iii) in care of the person in charge of an actual business office of the corporation; or

(iv) in care of the secretary of the corporation at the most recent address of the secretary shown in the records of the department.

**(c) Proceedings for the enforcement of inspection by a shareholder.**--If the corporation, or an officer or agent thereof, refuses to permit an inspection sought by a shareholder or attorney or other agent acting for the shareholder pursuant to subsection (b) or does not reply to the demand within five business days after the demand has been received, the shareholder may file an action in the court for an order to compel the inspection. The court is hereby vested with exclusive jurisdiction to determine whether or not the person seeking inspection is entitled to the inspection sought. The court may summarily order the corporation to permit the shareholder to inspect the share register and the other books and records of the corporation and to make copies or extracts therefrom, or the court may order the corporation to furnish to the shareholder a list of its shareholders as of a specific date on condition that the shareholder first pay to the corporation the reasonable cost of obtaining and furnishing the list and on such other conditions as the court deems appropriate.

**(c.1) Burden of proof.**--Where a shareholder has complied with the provisions of this section respecting the form and manner of making demand for inspection and the shareholder seeks to inspect:

(1) the share register or list of shareholders of the corporation, the burden of proof shall be upon the corporation to establish that the inspection he seeks is for an improper purpose; or

(2) the books and records of the corporation, other than the share register or list of shareholders, the burden of proof shall be upon the shareholder to establish that the inspection the shareholder seeks is for a proper purpose.

**(c.2) Available relief.**--The court may, in its discretion, prescribe any limitations or conditions with reference to the inspection or award such other or further relief as the court deems just and proper. The court may order books, documents and

- 11 -

records, pertinent extracts therefrom, or duly authenticated copies thereof, to be brought into this Commonwealth and kept in this Commonwealth upon such terms and conditions as the order may prescribe.

15 Pa.C.S. § 1508.

We review a trial court's decision to grant or deny the motion to compel under section 1508 for an abuse of discretion. *See id.* § 1508(c.2). Further, "whether a stockholder has set forth a 'proper purpose' to inspect corporate records is a determination which must be made on a case-by-case basis following a careful consideration of the surrounding circumstances of the document inspection request." *Zerbey v. J.H. Zerbey Newspapers, Inc.*, 560 A.2d 191, 198 (Pa. Super. 1989).

Regarding the records related to H5, the trial court found Ringenbach is entitled to the records under section 1508:

> Ringenbach asserted sufficient facts in his amended complaint to demonstrate that he is concerned that Bye has misappropriated funds from H5. Requesting to see the books and records pursuant to 15 Pa.C.S. § 1508 is completely permissible under the circumstances. Appellants contend that this court erred in permitting the inspection of H5's books and records because it was required to hold an evidentiary hearing before ruling on the motion to compel, however, [section] 1508 simply does not require same.

Trial Court Opinion, 4/16/2025, at 12 (unnecessary capitalization omitted).

We find that trial court did not abuse its discretion in allowing Ringenbach access to the records and books requested of H5. As recited above, under section 1508, corporations are required to maintain certain

- 12 -

records, and their shareholders[9] have a right to inspect these records under specified conditions. Ringenbach's stated purpose of the demand was to allow him to investigate whether "Bye was misappropriating funds from H5," and "paying himself grossly disproportionate distributions." Motion to Compel, 5/7/2024, at 2, 3. These allegations established a proper purpose. *See Zerbey*, 560 A.2d at 198 (concluding appellees have set forth a proper purpose to inspect documents and records of appellant where they sought to determine whether appellant was properly managed by reviewing "corporate expenditures for such items as salaries and pensions conform with industry standards"); *Taylor v. Eden Cemetery Co.*, 10 A.2d 573, 575-76 (Pa. 1940) (finding that a shareholder provided a proper purpose for examination of books and records of corporation where he argued the "the affairs of the corporation are not being properly managed" and "the books of account are incomplete and incorrect"); *Kuhbach v. Irving Cut Glass Company*, 69 A. 981, 983 (Pa. 1908) (stating that if "there is apparent mismanagement or misconduct by the officers of the corporation, a stockholder has a right to make an investigation for himself and ascertain the true condition of the

---

[9] The parties do not dispute that Ringenbach is a shareholder of H5. *See, e.g.,* Appellants' Brief at 6; Appellants Response to Motion to Compel, 5/28/2024, at 1 (admitting that Ringenbach is a 25% shareholder of H5); *see also Edenfield*, 300 A.3d at 511 (noting that section 1508 only refers to "current shareholders, and do not include former shareholders"). Moreover, the fact that Ringenbach is no longer employed by H5 does not prevent him, as a shareholder, from inspecting the books and records under the statutory language.

company's affairs" with the caveat that "this right to examine the books, records and papers of the company must be exercised in good faith and at a proper time and place so as not to interfere with the business of the company").

Contrary to Appellants' claim, Ringenbach was not required to provide evidence of his proper purpose, he simply had to issue a demand to inspect the books and records in compliance with section 1508. **See** 15 Pa.C.S. § 1508(b.1) (requiring shareholder to make a verified demand in good faith and in record form, and describe "with reasonable particularity" the shareholder's purpose and the records he seeks). Section 1508 includes no requirement that the court require discovery or hold an evidentiary hearing with witnesses on a motion to compel.[10] Instead, the statutory language vests the trial court "with exclusive jurisdiction to determine whether or not the person seeking inspection is entitled to the inspection sought" and it "may summarily order the corporation to permit the shareholder to inspect the share register and the other books and records." **Id.** § 1508(c). It is up to the trial court's discretion to determine whether a proper purpose has been established and to "prescribe any limitations or conditions with reference to the inspection

---

[10] The trial court held a hearing on the motion on December 10, 2024. According to the parties, the trial court only heard oral argument from each side; no witnesses testified. **See** Appellants' Brief at 5, 17, 31; Ringenbach's Brief at 7-11.

or award such other or further relief as the court deems just and proper." ***Id.*** § 1508(c.2).[11]

Finally, even if expenditures are not being used for improper purposes, that is not the proper standard for denying access to the corporate records. ***See Hodder v. George Hogg Co.***, 72 A. 553, 554 (Pa. 1908) (noting "a stockholder has without question the right to inspect the books of the company … to ascertain whether the business has been properly conducted. … It may be that as a result of his examination of the books and of the records his suspicions will be shown to be groundless."). Likewise, the fact that Appellants filed suit against Ringenbach for alleged theft of trade secrets does not eliminate Ringenbach's statutory right to inspect H5's records and books. ***See Zerbey***, 560 A.2d at 199 (rejecting "any claim that inspection should not be ordered because of the alleged confidential or sensitive nature of the information in the records"); ***see also Hodder***, 72 A. at 554 (concluding that a shareholder wishing to ascertain if business was properly conducted has right to inspect books despite a competitor interest). Therefore, the trial court

---

[11] Likewise, the fact that the trial court cited to the amended complaint to determine whether Ringenbach provided a proper purpose is of no moment. First, Ringenbach's stated reasons for the records and books in the amended complaint are the same as the motion to compel. ***Compare*** Amended Complaint, 6/3/2024, at 20, ***with*** Motion to Compel, 5/7/2024, at 3-4. Further, nothing in the statute prevents the demand for records or documents to be raised in a complaint. ***See, e.g., Zerbey***, 560 A.2d 192-93 (noting claim seeking records and documents was raised in a complaint).

did not abuse its discretion in granting Ringenbach's motion to compel as to H5.

Based upon the foregoing, we reverse the portions of the order granting Ringenbach access to books and records from H5 Spain, H5 Norway, and Bye. We affirm the order as it pertains to books and records from H5.

Order affirmed in part and reversed in part. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 03/23/2026