J-A03034-21

2021 PA Super 72

BRIAN KINNEY, DAVID J. KOVALIK,        :    IN THE SUPERIOR COURT OF
LOUISE E. KOVALIK, SCOTT KINNEY,       :          PENNSYLVANIA
KENNETH A. WOJCIECHOWSKI,              :
LAURIE A. WOJCIECHOWSKI, AND           :
RONALD KINNEY, SR.                     :
                                       :
                                       :
            v.                         :
                                       :
                                       :    No. 331 MDA 2020
                                       :
ANNA MAE LACEY, RICHARD A.             :
BELLES, JAN M. LAUBACH, RANDEE         :
K. LINSINBIGLER, MARGARET A.           :
SMITH, SIMON SABA, SANDA SABA,         :
STEPHEN G. BOWER, AMY E. BOWER,        :
LAURIE A. FARVER, CHRISTINE D.         :
YODER, STEVEN T. YODER, SUSAN          :
M. SEARFOSS, GEORGE CAMPISI,           :
JAY KLINE SEARFOSS, LYNNE              :
COMPISI, GEORGE COMPISI, LYNNE         :
CAMPISI, JOHN J. CAMPISI, HELEN F.     :
CAMPISI, DOYLE E. SHETTERLY,           :
MARGARET A. SHETTERLY,                 :
HENDERSON ANDERSON, III, MOLLY         :
HENDERSON, DONALD J. ROSENTEL,         :
SUSAN ROSENTEL, ERIC G. FRANK,         :
ERROL F. FRANK, ELIOT H. FRANK,        :
FREDERICK LEWIS SARACINO,              :
DONALD BECK                            :
                                       :
                                       :
APPEAL OF: LAURIE FARVER,              :
CHRISTINE D. YODER AND STEVEN          :
YODER                                  :

Appeal from the Judgment Entered February 19, 2020
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
5639-2013


BEFORE:  LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

OPINION BY LAZARUS, J.:                **FILED: APRIL 16, 2021**

Laurie Farver, Christine D. Yoder, and Stevens Yoder (collectively, Appellants), appeal from the judgment, entered in the Court of Common Pleas of Luzerne County, in favor of Defendants/Appellees (Lot Owners). Upon review, we affirm.

Brian Kinney, David J. Kovalik, Louise E. Kovalik, Scott Kinney, Kenneth A. Wojciechowski, Laurie A. Wojciechowski, and Ronald Kinney, Sr., (Plaintiffs), all of whom own property (Lots) surrounding Sylvan Lake,[1] filed an action in equity against thirty-one Lot Owners, alleging that they had violated deed restrictions by constructing and/or maintaining docks along the lake and interfering with the beach area strip (Beach Area) surrounding the lake.

The Honorable William H. Amesbury set forth the facts as follows:

Plaintiffs' [c]omplaint addressed three specific issues: Each deed specifically stated that no dock or boat house shall be erected upon the lake but that a removable floating dock may be maintained by the owners of each lot. Over the years, this enforceable covenant was ignored by multiple lot owners. The situation worsened when the owner of the permanent docks began running "bubblers" to protect the structures from destruction. The effect of these "bubblers" was to cause the lake to melt and prohibit use of much of the lake during the winter months.

[First,] Plaintiffs' complaint sought the removal of all docks on Sylvan Lake which were not removable floating docks. During the litigation[,] the parties made significant efforts to come to an

_____

[1] Sylvan Lake is a private lake in Ross Township, Luzerne County. The property, known as Benscoter Park, was subdivided by the Executor of the Will of Sarah Benscoter. The property is comprised of 73 lots.

amicable resolution. Each side made extensive concessions and this [c]ourt has accepted the specific and detailed Stipulation as resolving the claims against the signatories of same.[2] []

Plaintiffs' second concern went to the use of easement rights of way laid out on the recorded plot. Specifically, all owners in Benscoter Park have the privilege to use the bathing beaches. These designated beaches are connected by an eight-foot-wide "paper" walkway for which each lot owner has an easement. Plaintiffs allege that multiple Defendant[s] have[,] by using heavy equipment, digging and moving dirt on the beach area and private walkways[,] attempted to exercise ownership over these areas of easement. Defendants[,] in the alternative[,] while admitting the construction, argue the actions were to make the pathways more navigable.

This [c]ourt conducted an extensive view of both the beach areas and the walkway. The construction of stone walls, patios, landscaping, etc., clearly gave the visual impression of the lot owner[s] taking control of the areas and treating them as exclusively their own. Specifically, Defendant Bower maintained and improved the property located directly in front of and adjoining his property[,] which was designated as a beach area. He claimed that prior to his efforts, the property was overgrown, unused and a hazard. He also admits he did not know he did not own the lake front property and that his admitted encroachment upon the easement was unintentional.[3]

The third specific issue of this lawsuit appears to have been the catalyst for this litigation. Several legal actions caused Plaintiffs to fear for their easement rights. Defendant Lacy filed a claim of adverse possession with respect to the beach area in front of her property; however, she did not file a quiet title action. Defendant Laubach filed a quiet title action in this [c]ourt, Docket 2009-03474 and obtained an Order, dated April 13, 2009, establishing ownership to that portion of the beach area between the Laubach property and the shoreline of the lake. Defendant Yoder filed a

_____

[2] The Stipulation was approved and adopted by the trial court and filed in the Luzerne County Prothonotary's Office and in the Office of the Luzerne County Recorder of Deeds, indexed under the names of all the parties and under the name of Sarah Benscoter. *See supra*, n.1.

[3] Plaintiffs' claim against Bower was resolved in the Stipulation.

quiet title action in this [c]ourt, Docket 2006-04786 and obtained an [o]rder, dated July 12, 2006[,] establishing ownership to that portion of the beach area between the Yoder property and the shoreline of the lake.

Trial Court Opinion, 10/8/19, at 1-3.

The trial court, noting that the quiet title actions raised the question of the easement rights of all the other lot owners, stated that "the lot owners were never given notice of the quiet title actions as required by the Rules of Civil Procedure." *Id.* at 3-4. Following a hearing and a view of the property, the court ruled that the quiet title actions and orders issued thereon were void on the basis that "indispensable parties were not named and joined as parties in those actions and neither were those parties served with process[.]" *See*

Order, 10/8/19.[4]  Appellants filed this appeal.[5]  They raise the following issues

for our review:

> 1. Did the trial court err as a matter of law in determining that
>    Lot Owners should have received notice of and/or have been
>    joined in the quiet title action notwithstanding its finding
>    that Yoder did not intend that the quiet title action affect,
>    and the order entered therein did not affect, the Lot Owners'
>    rights in the Beach Area?

---

[4] The October 8, 2019 order provides, in relevant part, as follows:

> On July 9, 2019 the [c]ourt, from the Bench, granted Plaintiffs'
> Motion to Declare those Orders void on the basis that
> indispensable parties were not named and joined as parties in
> those actions and neither were those parties served with
> process[.]  In addition, the Plaintiffs have entered into Stipulations
> with several of the parties as follows:
>
> * * *
>
> 3) It is further ORDERED and DECREED that the Orders issued by
> the [c]ourt at **Numbers 4786 of 2006** and 3474 of 2009 are
> hereby declared Void and of no effect.

Order, 10/8/19 (emphasis added).  We note the appeal before us concerns
the 2006 order.  The parties in the 2009 quiet title action have not filed an
appeal.

[5] Appellants, unsure whether the court's order was a final order, filed a post-
trial motion and a notice of appeal at 1821 MDA 2019.  Because the appeal
was taken while post-trial motions were pending, this Court quashed the
appeal.  **See** Order, 2/6/20.  "Once a post-trial motion is timely filed,
judgment cannot be entered until the trial court enters an order disposing of
the motion or the motion is denied by operation of law one hundred and twenty
days after the filing of the motion."  **Melani v. Northwest Engineering,
Inc.**, 909 A.2d 404, 405 (Pa. Super. 2006) (citing Pa.R.C.P. 227.4).
Appellants' motion for post-trial relief was denied by operation of law after the
trial court failed to rule on it within 120 days.  Pa.R.C.P. 227.4.  Appellants
filed this timely appeal on February 24, 2020.

2. Did the trial court err as a matter of law by vacating the 2006 Order instead of requiring record[ing] of a corrective deed or other instrument affirming the Lot Owners' right and privilege to the use of the Beach Area?

Appellants' Brief, at 6.

When reviewing an equitable decree, our standard of review is limited. "We will reverse only where the trial court [] palpably err[ed], misapplied the law or committed a manifest abuse of discretion. Where there are any apparently reasonable grounds for the trial court's decision, we must affirm it." *Viener v. Jacobs*, 834 A.2d 546, 554 (Pa. Super. 2003) (citations omitted). Moreover,

The function of this Court on an appeal from an adjudication in equity is not to substitute [our] view for that of the lower tribunal; our task is rather to determine whether "a judicial mind, on due consideration of all the evidence, as a whole, could reasonably have reached the conclusion of that tribunal."

*Hess v. Gebhard & Co., Inc.*, 808 A.2d 912, 920 (Pa. 2002) (quoting *Aiken Indus., Inc. v. Estate of Wilson*, 383 A.2d 808, 810 (Pa. 1978)). Additionally, we note that "[w]hen reviewing the results of a non-jury trial, we are bound by the trial court's findings of fact, unless those findings are not based on competent evidence." *Viener*, 834 A.2d at 554.

With respect to the issue of indispensable parties, which presents a question of subject matter jurisdiction, our standard of review is *de novo* and the scope of our review is plenary. *Mazur v. Trinity Area Sch. Dist.*, 961 A.2d 96, 101 (Pa. 2008).

Appellants argue Lot Owners' rights to the Beach Area were neither impaired nor adversely affected by the court's 2006 order and, thus, Lot Owners were not indispensable parties to the quiet title action. They maintain, therefore, that Lot Owners were not required to receive notice of the quiet title action.

Lot Owners contend that Appellants' failure to name them in an action that would extinguish their easement rights in the Beach Area renders them indispensable parties. *See Plauchak v. Boling*, 653 A.2d 671, 675 (Pa. Super. 1995) (in quiet title action, only relevant inquiry is whether claimants can establish right to immediate exclusive possession). Therefore, since Lot Owners were not joined in the quiet title action, the trial court had no jurisdiction and the court's order was void *ab initio. See Northern Forests II, Inc. v. Keta Realty Co*., 130 A.3d 19, 28-29 (Pa. Super. 2015) (failure to join indispensable party is non-waivable defect that implicates trial court's subject matter jurisdiction); *see also Columbia Gas Transmission Corp. v. Diamond Fuel Co.*, 346 A.2d 788, 789 ( Pa. 1975) ("In Pennsylvania, an indispensable party is one whose rights are so directly connected with and affected by litigation that he must be a party of record to protect such rights, and his absence renders any order or decree of court null and void for want of jurisdiction."), citing *Pocono Pines Corp. v. Pa. Game Com., Com. of Pa.*, 345 A.2d 709 (Pa. 1975).

This Court has summarized the definition of an indispensable party as follows:

A party is indispensable when his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights. If no redress is sought against a party, and its rights would not be prejudiced by any decision in the case, it is not indispensable with respect to the litigation. We have consistently held that a trial court must weigh the following considerations in determining if a party is indispensable to a particular litigation:

> 1. Do absent parties have a right or an interest related to the claim?
>
> 2. If so, what is the nature of that right or interest?
>
> 3. Is that right or interest essential to the merits of the issue?
>
> 4. Can justice be afforded without violating the due process rights of absent parties?

In determining whether a party is indispensable, the basic inquiry remains whether justice can be done in the absence of a third party.

**Northern Forests II, Inc.**, **supra** at 29 (citations and quotation marks omitted).

Here, these factors weigh in favor of a finding of indispensable parties. Namely, Lot Owners have rights related to the claim; in particular, easement rights to the Beach Area—the ribbon of land around the entirety of Lake Sylvan, which belongs to the Lot Owners collectively. Lot Owners' easement rights, the right to the use and enjoyment of the Beach Area for boating, fishing, swimming and ice skating, are essential to the merits of the quiet title action and a potential decision in Appellants' favor would adversely affect those rights. The Appellants' quiet title action, which sought fee simple

- 8 -

interest,[6] and which resulted in the 2006 order, would have extinguished those easement rights.

This Court was presented with a similar claim in **Hartzfeld v. Green Glen Corp.**, 552 A.2d 306 (Pa. Super. 1989). There, Imogene Hartzfeld had acquired property in the Treasure Lake Subdivision, and filed a complaint claiming title by adverse possession to a strip of property located between her deeded premises and the lake. Hartzfeld named as defendants "all previous owners in the chain of title" for the subject property. *Id.* at 307. Defendants filed preliminary objections, claiming that all lot owners in the Treasure Lake Subdivision own such an interest in the property, which renders them necessary and indispensable parties. Hartzfeld argued that the lot owners held merely a license or privilege to use the strip of property, which conveys no interest in property, and therefore were not proper parties to her quiet title action. *Id.* at 308.

After determining the lot owners, in fact, possessed an interest in the land that Hartzfeld claimed title to by adverse possession, this Court then considered whether that interest was of such a nature as to require the lot owners to be named as parties to the quiet title action. We stated:

---

[6] The 2006 order, docketed at 2006-04786, provided: "that Sarah C. Benscoter, her unknown heirs, personal representatives, successor and assigns generally, and any person claiming through, from or under her be and are forever barred from asserting any right, lien, title or interest inconsistent with the interest o[r] claim of the Plaintiffs, Clair E. Yoder and Gail A. Yoder, their heirs and assigns[.]" Order, 7/12/06.

Here, it is clear from the recorded documents that the original grantors and their successors in title intended for the current and future lot owners of the Treasure Lake Subdivision to enjoy certain rights in the 150 foot strip of land surrounding the lake. [Hartzfeld], who wishes to claim title to a portion of this land, must join these lot owners for they are indispensable parties. When acquiring title to their respective lots[,] these lot owners secured rights in addition to the raw land itself. In making their purchase they had the right to rely upon the recorded representations of those rights. A potential decision in [Hartzfeld's] favor would certainly adversely affect those rights. [ ] Absent such certification or joinder of all interested and necessary parties[,] this action cannot go forward.

*Id.* at 310.

The **Hartzfeld** Court's reasoning is applicable here. Lot Owners are fee simple owners of the servient tenement. A potential decision in Appellants' favor would adversely affect Lot Owners' easement rights. Lot Owners are, therefore, indispensable parties to the Appellants' quiet title action, and the court had no jurisdiction absent their joinder to the action. **Plauchak**, **supra**.

With respect to Appellants' claim that the court erred in vacating the 2006 order instead of issuing a corrective deed, we state merely that the court correctly determined that Appellants' failure to join indispensable parties rendered the court without subject matter jurisdiction to enter that order. **See Northern Forests II, supra**; **Orman v. Mortg. I.T.**, 118 A.3d 403, 406 (Pa. Super. 2015). The order, therefore, was void *ab initio*. **Brokans v. Melnick**, 569 A.2d 1373, 1376 (Pa. Super. 1989) (judgment is void when court had no jurisdiction over parties or subject matter, or court had no power or authority to render judgment); **Oswald v. WB Public Square Associates**, 80 A.3d

- 10 -

790, 797 (Pa. Super. 2013) (judgment that is void *ab initio* must be stricken without regard to passage of time).

Judge Amesbury stated that he understood "the natural instinct of the lot owners to improve, maintain and enhance the areas which abound their property. However, this inclination must yield to the easement rights of all of the lot owners." Trial Court Opinion, 10/8/19, at 4. We agree.

We find no error or manifest abuse of discretion. **Viener**, **supra**. Therefore, we affirm the trial court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/16/2021

- 11 -