J-S40034-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| THOMAS STEVENSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THE JOSEPH VENTRESCA GROUP | : | No. 2547 EDA 2022 |
| BUILDERS & RENOVATORS LLC, | : | |
| AND JVBG LLC | : | |

Appeal from the Order Entered September 26, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  200100726

BEFORE:   NICHOLS, J., SULLIVAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED MARCH 26, 2024**

Appellant, Thomas Stevenson (Plaintiff), appeals from an order of the

Court of Common Pleas of Philadelphia County (trial court) granting judgment

on the pleadings in favor of the defendants The Joseph Ventresca Group

Builders & Renovators LLC and JVBG LLC (Defendants) in this equity action.

For the reasons set forth below, we vacate the trial court's order and remand

this case with the direction to dismiss the action for lack of subject matter

jurisdiction.

This action arises out of events that occurred between 2000 and 2007

which have been the subject of both a criminal case and two civil cases that

_____

[*] Retired Senior Judge assigned to the Superior Court.

have spawned at least three prior appeals to this Court. On July 1, 2000, Plaintiff purchased a 25 percent ownership share in Veneesa, Inc. (Veneesa) from Joseph Ventresca, who owned 99 percent of its shares. Complaint ¶¶6-7 & Exhibits A & B. Under the agreements between the parties, Plaintiff paid for these shares through a note obligating him to pay $415,656 without interest over a ten-year period. Answer Exhibits 2 & 3. After that purchase, Plaintiff served as the president of Veneesa. Answer Exhibits 1 & 5; *Veneesa, Inc. v. Stevenson (Veneesa I)*, No. 3512 EDA 2018, slip op. at 2 (Pa. Super. May 27, 2020) (unpublished memorandum). In 2007, Ventresca accused Plaintiff of stealing from Veneesa, and on June 5, 2012, Plaintiff pled guilty to theft by unlawful taking and conspiracy and was sentenced on March 4, 2013 to an aggregate term of 9 to 23 months' imprisonment and $516,696.32 in restitution. Answer Exhibit 1; *Veneesa, Inc. v. Stevenson (Veneesa II)*, No. 505 EDA 2021, slip op. at 2 (Pa. Super. February 8, 2022) (unpublished memorandum).

In 2007, Veneesa, Ventresca and Ventresca's wife brought suit in Bucks County against Plaintiff, another Veneesa officer, and Veneesa's accounting firm, alleging that Plaintiff and the other Veneesa officer misappropriated Veneesa funds for their own benefit and that the accounting firm was negligent in failing to detect their embezzlement (the Bucks County case). *Veneesa I*, slip op. at 2-3. In 2018, before the Bucks County case was tried, Plaintiff agreed to an admission that he was liable to Veneesa and the Ventrescas in

the amount of $516,696.32, and he was not included as defendant at trial. ***Veneesa I***, slip op. at 2 n.2, 4; ***Veneesa II***, slip op. at 3.

On January 8, 2020, Plaintiff brought the instant action in Philadelphia County for equitable relief against Defendants. In his complaint, Plaintiff alleged that he remains a 25% owner of Veneesa and that Defendants are successors of Veneesa that are operating Veneesa's business. Complaint ¶¶5, 8-9. Plaintiff sought as relief an award of a 25% ownership of Defendants, an accounting, and 25% of Defendants' profits. ***Id.*** ¶¶10-11, 15-17 & claim for relief. Defendants filed preliminary objections to Plaintiff's complaint, which were denied by the trial court by order entered on June 15, 2020. Following the denial of their preliminary objections, Defendants filed and answer and new matter to the complaint in which they alleged Plaintiff's conviction and admission in the Bucks County case, attached documents establishing those facts, and asserted that Plaintiff's claims were barred by the doctrine of unclean hands, collateral estoppel and *res judicata*, lack of consideration, the statute of limitations, and laches. Answer and New Matter ¶¶18-26 & Exhibits 1-5. Plaintiff, in his reply to new matter, disputed that his claims were barred by those defenses but did not dispute the facts concerning his conviction or restitution obligation or the supporting documents attached to Defendants' answer and new matter. Reply to New Matter ¶¶18-26.

On August 26, 2022, Defendants filed a motion for judgment on the pleadings asserting that Plaintiff's action was barred by collateral estoppel and

*res judicata*, lack of consideration, and the statute of limitations. Plaintiff filed a response opposing the motion for judgment on the pleadings. On September 26, 2022, the trial court entered an order granting Defendants' motion for judgment on the pleadings and dismissed this action with prejudice on the grounds that Plaintiff's action was barred by the doctrine of unclean hands based on Plaintiff's criminal conviction and admitted liability for misappropriating over $596,000 from Veneesa. Trial Court Order, 9/26/22; Trial Court Opinion at 10-11, 14. This timely appeal followed.

Plaintiff argues in this appeal that the trial court erred holding that his action was barred by unclean hands and that judgment on the pleadings on this basis was also not proper because another judge of the trial court had overruled Defendants' preliminary objections and because Defendants' motion had not sought judgment on the pleadings based on unclean hands. We do not reach these issues because it is clear on the face of the record that the trial court lacked subject matter jurisdiction over this case because Plaintiff failed to join one or more indispensable parties.

The failure to join an indispensable party is a non-waivable defect that deprives the trial court of subject matter jurisdiction to adjudicate the claim. ***Turner v. Estate of Baird***, 270 A.3d 556, 560 (Pa. Super. 2022); ***Strasburg Scooters, LLC v. Strasburg Rail Road, Inc.***, 210 A.3d 1064, 1069 (Pa. Super. 2019); ***Orman v. Mortgage I.T.***, 118 A.3d 403, 406 (Pa. Super. 2015). Because failure to join an indispensable party deprives the court of

jurisdiction, even where, as here, no party has raised the issue, this Court can and should raise this issue *sua sponte* where it is clear on the face of the record that an indispensable party or parties have not been joined. ***Strasburg Scooters, LLC***, 210 A.3d at 1069.

A person is an indispensable party if his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights. ***Turner***, 270 A.3d at 560; ***Kinney v. Lacey***, 252 A.3d 644, 648 (Pa. Super. 2021); ***Orman***, 118 A.3d at 406. The owners of property are indispensable parties to an action seeking an adjudication concerning others' rights in that property that are inconsistent with or would reduce the owners' rights. ***Columbia Gas Transmission Corp. v. Diamond Fuel Co.***, 346 A.2d 788, 789 (Pa. 1975); ***Kinney***, 252 A.3d at 648-49; ***Strasburg Scooters, LLC***, 210 A.3d at 1070.

Here, Plaintiff is not merely seeking to collect money from Defendants, he is seeking an order granting him 25% ownership of each of Defendants and the right to receive 25% of their profits based on his 25% ownership of a different entity, Veneesa. Complaint ¶¶5-11, 15 & claim for relief (c). Defendants, as limited liability companies, are each owned by one or more members whose rights to distributions are based on their membership interests. 15 Pa.C.S. § 8841; 15 Pa.C.S. § 8844; ***Retina Associates of Greater Philadelphia, Ltd. v. Retinovitreous Associates, Ltd.***, 176 A.3d 263, 275 n.11 (Pa. Super. 2017) (membership interest in a limited liability

company is an ownership interest akin to an interest in stock of a corporation); *Missett v. Hub International Pennsylvania, LLC*, 6 A.3d 530, 537 (Pa. Super. 2010) (same). The members' interests in Defendants are personal property of the members, and Defendants are entities distinct from their members. 15 Pa.C.S. § 8841(f); 15 Pa.C.S. § 8818(a). The relief that Plaintiff seeks, a 25% interest in Defendants, would necessarily reduce the members' present interests in Defendants and rights to Defendants' profits from 100% to 75%. Because Defendants' members' property rights would be impaired by the relief that Plaintiff seeks, they are indispensable parties. Plaintiff, however, has neither named nor joined any member or members of Defendants. The trial court therefore lacked subject matter jurisdiction, and its order must be vacated and the action dismissed for lack of jurisdiction.[1]

For the foregoing reasons, we conclude that the member or members of Defendants were indispensable parties who were not joined in this action and that the trial court therefore lacked subject matter jurisdiction over this action. Accordingly, we vacate the trial court's order and remand this case with the direction to dismiss the action for lack of subject matter jurisdiction.

---

[1] While the record does not show who the members of Defendants are, their joinder is essential for the trial court to have jurisdiction over this action regardless of their identity, even if they may have been aware of the action by virtue of their relationship to defendants. *Columbia Gas Transmission Corp.*, 346 A.2d at 789 (failure to join owner of affected property deprived court of subject matter jurisdiction even though owner of property was the president of the defendant and was involved in the action in that capacity).

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/26/2024