J-S05029-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MICHAEL SLOWEY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEAN COLEMAN | : | No. 2302 EDA 2024 |

Appeal from the Judgment Entered August 8, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  220401174

BEFORE:   PANELLA, P.J.E., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY KING, J.:                    **FILED JUNE 16, 2026**

Appellant, Michael Slowey, appeals from the judgment entered in the Philadelphia County Court of Common Pleas, in his favor and against Appellee, Sean Coleman.  We affirm.

The relevant facts and procedural history of this matter are as follows. On June 9, 2020, the parties were involved in a motor vehicle accident in Philadelphia.  Appellant was stopped in his car at a red light when Appellee rear-ended him.  Thereafter, Appellant filed a complaint sounding in negligence, asserting that Appellant had suffered injuries as a result of the accident, including sprains and strains of the spine and disc bulging.  Appellant requested compensatory damages.

On August 25, 2022, the court issued a case management order, which

_____

[*] Retired Senior Judge assigned to the Superior Court.

stated that all discovery in the matter must be completed no later than July 2, 2023. On June 16, 2023, the court issued a revised case management order stating that all discovery must be completed no later than October 2, 2023, and that expert reports must be submitted no later than October 2, 2023.

On August 10, 2023, Appellee filed a motion for sanctions, requesting that the court order 11th Street Family Health, Appellant's treating physician, to produce any and all billing and radiology records related to the motor vehicle accident at issue. Appellee averred that Appellant's provider had not responded to subpoena requests. On August 29, 2023, the court ordered 11th Street Family Health to produce the requested records.

On September 21, 2023, Appellant filed a motion for extraordinary relief, requesting a 90-day extension of discovery deadlines and asserting that he still needed to complete various treatment courses and obtain various medical records generated by his chiropractor, as well as additional time to secure expert reports. On September 25, 2023, the court denied Appellant's motion for extraordinary relief. Ultimately, the case was listed for the February trial pool.

In January 2024, in anticipation of trial, the parties filed numerous motions *in limine*.[1] On January 29, 2024, Appellee filed a motion seeking to preclude Appellant from introducing any evidence and expert reports produced

_____

[1] We discuss only the motions relevant to the instant appeal.

after the discovery deadline. In Appellee's motion, he noted that Appellant had not filed a motion for reconsideration of the court's denial of his motion for extraordinary relief. Appellee also noted that Appellant had attempted to produce an addendum report from his treating physician, as well as correspondence from an orthopedic and spine doctor indicating that Appellant would be undergoing additional injection treatment in January 2024. Appellee argued that Appellant had not produced any evidence of treatment, or any expert reports, and averred that he would be prejudiced if Appellant was able to introduce such evidence at trial. Appellant filed a response in opposition, arguing that the probative value of such evidence outweighed any unfair prejudice to Appellee.

On January 30, 2024, Appellant filed a motion *in limine* seeking to preclude evidence of his history of drug and alcohol use. Appellant argued that nothing in Appellee's expert report suggested that he was under the influence at the time of the accident, and that such evidence would be prejudicial. Additionally, Appellant argued that Appellee's expert report, which suggested that Appellant's prior drug and alcohol use could have caused neuropathy along the dorsum of Appellant's feet, was prejudicial because Appellant was not claiming that neuropathy was an injury sustained as a result of the accident.

On March 25, 2024, Appellee filed a further reply in support of his motion seeking to preclude Appellant from introducing evidence and reports produced after the discovery deadline, as well as any evidence of excess medical bills.

Appellee averred that Appellant had produced an additional addendum report from his expert on March 14, 2024. Further, Appellee argued that the report attempted to essentially "back door" the opinions and diagnoses of other experts beyond the discovery deadline and in violation of the Rules of Evidence regarding expert reports. Appellee argued that the admission of such reports would cause him undue prejudice. Finally, Appellee averred that Appellant had produced a claim summary on behalf of the Department of Human Services, for $772.36 of treatment that was not related to the accident, as well as an additional $35.00 charge for services rendered by Penn Medicine that was not related to the accident. Appellee sought to preclude this evidence at trial.

On March 26, 2024, the matter proceeded to a jury trial. Prior to trial, the court considered oral argument on the various motions *in limine* filed by the parties. First, the court granted Appellee's motion to preclude Appellant from introducing evidence of an unpaid $25,000.00 medical bill for injection therapy because it had been submitted on the eve of trial, far past the discovery deadline. (**See** N.T. Trial, 3/26/24, at 15-24). In denying the motion, the court noted "that's too far out of time." (**See id.** at 24). Second, the court denied Appellant's motion to preclude evidence of his drug and alcohol use. (**Id.** at 36-46). The court noted that there was evidence in the record where Appellant had discussed nerve pain or numbness, and the defense expert was allowed to opine that Appellant's own admissions of drug use could have caused such numbness. (**Id.** at 45-46). Ultimately, the court

concluded that whether drug use had caused some of Appellant's medical complaints was a question for the jury to decide. (*Id.* at 46).

On April 5, 2024, following trial, the jury returned a verdict in favor of Appellant. The jury awarded Appellant $1,511.33 for past medical expenses and past pain and suffering, and $0 for future pain and suffering and future medical expenses. That same day, Appellant filed a post-trial motion requesting a new trial, arguing that the court had erred by 1) allowing the introduction of evidence of Appellant's drug and alcohol use; 2) precluding Appellant from introducing evidence of his outstanding medical bills; and 3) denying Appellant's motion for a mistrial after closing arguments, where Appellee had stated that a medical record reported Appellant's attorney had suggested Appellant undergo injection therapy, inferring to the jury that the treatment course was not reasonable or necessary. Appellee filed a response in opposition, arguing that the jury's award was not against the weight of the evidence and the court had appropriately admitted the disputed evidence.

On April 17, 2024, the court granted Appellant's post-trial motion in part and awarded a new trial on the issue of damages only. On April 23, 2024, Appellee filed a motion for reconsideration of that order, arguing that even though Appellant did not have a medical cost projection or life care plan, the court had improperly permitted Appellant a jury instruction regarding future medical expenses, and corresponding damages claim on the verdict sheet. On May 6, 2024, the court granted Appellee's motion for reconsideration and vacated the order granting the post-trial motion in part.

On May 24, 2024, Appellant filed a notice of appeal. On June 10, 2024, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On June 25, 2024, Appellant timely complied.

On August 5, 2024, this Court issued a rule to show cause why the appeal should not be quashed, noting that it appeared that because the trial court had vacated its order ruling on the post-trial motion, the post-trial motion was still outstanding, and the appeal was therefore premature.[2] On August 8, 2024, Appellant withdrew and discontinued his appeal, and entered a *praecipe* for judgment on the verdict. On August 23, 2024, Appellant timely filed a notice of appeal from the entry of that judgment.[3]

_____

[2] *See Johnston the Florist Inc. v. TECO Constr. Corp.*, 657 A.2d 511, 514 (Pa.Super. 1995) (providing that appeal properly lies from entry of judgment following disposition of any post-trial motions).

[3] We observe that "[o]nce a post-trial motion is timely filed, judgment cannot be entered until the trial court enters an order disposing of the motion or the motion is denied by operation of law one hundred and twenty days after the filing of the motion." *Kinney v. Lacey*, 252 A.3d 644, 647 n.5 (Pa.Super. 2021) (quoting *Melani v. Northwest Engineering, Inc.*, 909 A.2d 404, 405 (Pa.Super. 2006)). Here, after the trial court vacated its order ruling on the post-trial motion, the motion remained outstanding. Appellant ultimately withdrew the previously-filed appeal, but Appellant did not wait for the court to decide the post-trial motion before filing a *praecipe* for entry of judgment. Nevertheless, we need not quash the instant appeal because the record indicates that Appellant filed his post-trial motion on April 5, 2024, and he did not *praecipe* for entry of judgment until August 8, 2024, which was 125 days later. *See Adams v. Erie Ins. Co.*, 238 A.3d 428, 433 (Pa.Super. 2020) (observing that where court does not deny post-trial motions within 120 days, any party has right to *praecipe* for judgment after the expiration of that time period); Pa.R.C.P. 227.4(1)(b) (stating prothonotary shall, until *praecipe* of party, enter judgment on verdict if one or more timely post-trial motions are filed and court does not enter order disposing of motion within 120 days; *(Footnote Continued Next Page)*

- 6 -

On appeal, Appellant raises the following issues for review:

THE TRIAL COURT COMMITTED AN ERROR OF LAW AND ABUSED ITS DISCRETION BY PERMITTING THE INTRODUCTION OF EVIDENCE OF [APPELLANT'S] DRUG AND ALCOHOL USE HISTORY TO BE PRESENTED TO THE JURY, DESPITE SUCH INFORMATION BEING FACTUALLY AND LEGALLY IRRELEVANT WHICH CAUSED [APPELLANT] TO SUFFER UNFAIR PREJUDICE[.]

THE TRIAL COURT COMMITTED AN ERROR OF LAW AND ABUSED ITS DISCRETION BY PRECLUDING [APPELLANT] FROM PRESENTING AN OUTSTANDING MEDICAL BILL IN THE AMOUNT OF $25,088.95 ISSUED BY THE AMBULATORY SURGERY CENTER OF BALA CYNWYD FOR TREATMENT RELATED TO THE JUNE 9, 2020 MOTOR VEHICLE ACCIDENT, THEREBY IMPROPERLY AFFECTING THE JURY'S DETERMINATION OF ECONOMIC DAMAGES.

(Appellant's Brief at 1).[4]

In Appellant's first issue, he contends the court erred and abused its discretion by permitting Appellee to introduce evidence of Appellant's drug and alcohol use to imply that Appellant's symptoms may have been attributable to past substance abuse. Appellant argues that this evidence was

_____

judgment entered pursuant to this subparagraph shall be final as to all parties and all issues).

[4] Appellant's brief does not include a separate statement of questions involved, in contravention of our Rules of Appellate Procedure. *See* Pa.R.A.P. 2101 (appellate briefs and reproduced records must materially conform to rule requirements, and this Court may quash or dismiss an appeal if appellant fails to do so); Pa.R.A.P. 2116 (concerning statement of questions involved). *See also Smathers v. Smathers*, 670 A.2d 1159 (Pa.Super. 1996) (stating noncompliance with Rule 2116 is particularly grievous because statement of questions involved defines specific issues for review). As we are able to identify the issues Appellant seeks to raise, we decline to dismiss the appeal at this time. Nevertheless, we caution counsel in the future to conform to the Rules of Appellate Procedure.

irrelevant under Pa.R.E. 401 and unduly prejudicial under Pa.R.E. 403, because Appellant did not allege decreased sensation along the tops of his feet or any lower-extremity neuropathic symptoms as injuries resulting from the motor vehicle accident. Further, Appellant asserts that the defense did not present expert testimony to support the conclusion that Appellant's complaints of throbbing middle and lower back pain were caused or related to any drug and/or alcohol use. According to Appellant, evidence of a party's drug use is highly prejudicial because of stigma associated with drug use and constitutes reversible error. Appellant concludes that this Court vacate the order denying his post-trial motion and grant relief. We disagree.

Our standard of review concerning a trial court's ruling on a motion *in limine* is well settled: "Admission of evidence is within the sound discretion of the trial court and a trial court's rulings on the admission of evidence will not be overturned absent an abuse of discretion or misapplication of law." ***Carlini v. Glenn O. Hawbaker, Inc***., 219 A.3d 629, 639 (Pa.Super. 2019) (citation omitted). "To constitute reversible error, a ruling on evidence must be shown not only to have been erroneous but harmful to the party complaining." ***Id***. (citation omitted). Moreover, harmless error is an error that does not affect the verdict. ***Yacoub v. Lehigh Valley Medical Associates, P.C***., 805 A.2d 579, 590 (Pa.Super. 2002), *appeal denied*, 573 Pa. 692, 825 A.2d 639 (2003).

Furthermore,

> Pennsylvania trial judges enjoy broad discretion regarding the admissibility of potentially misleading and confusing evidence. Relevance is a threshold consideration in

- 8 -

determining the admissibility of evidence. A trial court may, however, properly exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice. Generally[,] for the purposes of this evidentiary rule, prejudice means an undue tendency to suggest a decision on an improper basis. The erroneous admission of harmful or prejudicial evidence constitutes reversible error.

***Braun v. Target Corp.***, 983 A.2d 752, 760 (Pa.Super. 2009), *appeal denied*, 604 Pa. 701, 987 A.2d 158 (2009) (quoting ***Whyte v. Robinson***, 617 A.2d 380, 383 (Pa.Super. 1992)).

The Pennsylvania Rules of Evidence provide, in relevant part:

### Rule 401. Test for Relevant Evidence

Evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action.

Pa.R.E. 401.

### Rule 403. Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons

The court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

*Comment:* ....

"Unfair prejudice" means a tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially.

Pa.R.E. 403. The trial court is responsible for balancing the "alleged prejudicial

effect of the evidence against its probative value and it is not for an appellate court to usurp that function." **Carlini, supra** at 639 (internal citation omitted).

Instantly, the trial court explained,

Prior to trial, Appellant moved to preclude [Appellee] from presenting evidence at trial regarding Appellant's prior drug and alcohol use.

Specifically, [Appellant] testified in his trial deposition to prior drug and alcohol abuse[.] He further apparently testified to currently using marijuana for physical pain. Appellant conceded that his ER records stated that he used cocaine and marijuana in the past.

Neither party claimed that [Appellant] was intoxicated or under the influence of any controlled substance at the time of the accident.

Appellant complained of on-going physical pain as a result of the injuries he suffered in this accident. [Appellee] argued that Appellant's treatment records indicated that Appellant had some prior complaints about "neurological" issues with numbness and tingling in his lower extremities.

As such, [d]efense expert Dr. Salkind opined that these issues could be related to Appellant's prior substance abuse issues and not related to the rear-end accident. The logical inference being that Appellant's claims of physical pain may not be related to the accident, but to past substance abuse issues.

\*   \*   \*

Evidence of Appellant's prior substance abuse and related claims of pain in his lower extremities could cause a reasonable fact-finder to determine these issues were not accident related. This makes such evidence relevant to the main issues in this case.

- 10 -

(Trial Court Opinion, 10/30/25, at 3-4) (unpaginated).

The record supports this conclusion. By Appellant's own admission, Appellant admitted at his deposition to his history of drug use.[5] (**See** Plaintiff's Motion to Preclude Evidence, 1/30/24, at 4). In Appellant's primary independent medical evaluation, dated June 20, 2022, Dr. Merrick J. Wetzler stated that Appellant's current complaints consisted of pain in his neck and back, with pain between his scapulae, as well as pain in his thigh, lower right back spasms, and numb feet. (**See** Answer to Motion to Preclude Evidence, 2/8/24, at Ex. 1). In Appellee's expert report, Dr. Gene Salkind examined Appellant's records, documents, and diagnostic tests, including visits to the emergency room following the accident. (**See** Answer to Motion to Preclude Evidence, 2/8/24, at Ex. 2). Dr. Salkind noted that Appellant admitted to consuming "one-half bottle" of whiskey each month in addition to using cocaine, marijuana, benzodiazepines, ketamine, and THC edibles every week. (**See id.**) The report also discussed Appellant's complaints of numbness in his medical records and opined that such numbness could have been related to past drug use. (**See id.**) For these reasons, the trial court determined that the evidence was relevant and its probative value outweighed potential prejudice to Appellant. **See Carlini, supra**. On this record, we cannot say the trial court abused its discretion concerning this evidentiary ruling. **See id.**

_____

[5] Appellant's deposition was videotaped and is not included in the certified record.

Thus, Appellant's first issue on appeal merits no relief.[6]

In Appellant's second issue, he contends that the court erred by precluding him from presenting evidence of outstanding medical bills that were neither paid nor payable by Appellant's automobile insurer, nor by Appellant's health insurance, based on Appellant's late disclosure of the bills. Appellant contends the court failed to properly assess the nature and severity of the discovery violation, including whether he had willfully withheld the bills or acted in bad faith, whether Appellee had suffered any prejudice or the extent to which the prejudice could be cured, and the significance of the excluded evidence, particularly given that the bills related to treatment rendered after the discovery deadline. Appellant argues that had the court admitted this evidence, it was reasonably foreseeable that the jury would have

_____

[6] In support of his claim, Appellant cites to **Kraus v. Taylor**, 710 A.2d 1142 (Pa.Super. 1998), *overruled in part by* **Coughlin v. Massaquoi**, 642 Pa. 212, 170 A.3d 399 (2017), in which this Court held that, by filing a personal injury lawsuit, a pedestrian waived his statutory privileges to confidentiality of treatment records, including records of drug and alcohol abuse treatment. **See id.** at 1145. In its decision, this Court noted that evidence of chronic drug and alcohol abuse could be prejudicial. **Id.** Nevertheless, this Court explained that allowing a plaintiff to pursue a claim for injury, while barring appellees from access to the long history of drug and alcohol abuse, "would be manifestly unfair and grossly prejudicial" to the defendant. **Id.** (citation omitted). Ultimately, this Court concluded that because privilege did not attach, and in light of the court's discretion to admit the evidence, there was no reversible error. Other than this Court's statement that admission of drug and alcohol abuse in a personal injury lawsuit **may be** prejudicial to a plaintiff, we cannot discern how **Kraus** is beneficial to Appellant. Ultimately, the trial court is in the best position to weigh the probative value of such evidence against its potential for prejudice, and we will not disturb that ruling absent an abuse of discretion. **See Carlini, supra**.

awarded that amount in his favor. Appellant concludes that we should vacate the order denying his post-trial motion and grant relief. We disagree.

Generally, "on review of an order concerning discovery, an appellate court applies an abuse of discretion standard." *Lockley v. CSX Transp. Inc.*, 5 A.3d 383, 388 (Pa.Super. 2010) (quoting *Berkeyheiser v. A–Plus Investigations, Inc.*, 936 A.2d 1117, 1125 (Pa.Super. 2007)). Likewise, "imposition of sanctions for a party's failure to comply with discovery is subject to the discretion of the trial court, as is the severity of the sanctions imposed." *Anthony Biddle Contractors, Inc. v. Preet Allied Am. St., LP*, 28 A.3d 916, 926 (Pa.Super. 2011).

Where a discovery order is issued by a local court's case management system, this Court has explained:

> "Local courts have the power to formulate their own rules of practice and procedure." *Sanders v. Allegheny Hospital-Parkview Div.*, 833 A.2d 179, 183 (Pa.Super. 2003), *citing Murphy v. Armstrong*, [622 A.2d 992 (Pa.Super.] 1993). "These rules have equal weight to those rules established by the Pennsylvania Supreme Court provided that the local rules 'do not abridge, enlarge or modify' the substantive rights of a party." *Id.*, *quoting Pennridge Electric, Inc. v. Souderton Area Joint School*, [615 A.2d 95, 102 (Pa.Super.] 1992); *see* Pa.R.C.P. 239(b)(1) (providing that "[l]ocal rules shall not be inconsistent with any general rule of the Supreme Court or any Act of Assembly"). Philadelphia's case management system is designed to "implement… and enforce… discovery deadlines as an essential means for controlling [the trial courts'] overcrowded dockets." *Gerrow v. John Royle & Sons*, 572 Pa. 134, 813 A.2d 778, 783 (2002) (Saylor, J., concurring). The case management order, issued pursuant to the local rules of Philadelphia County, sets forth all the applicable discovery deadlines for a given case. The only

- 13 -

mechanism to extend such deadlines is through filing a petition for extraordinary relief. …

***Anthony Biddle Contractors, Inc., supra*** at 922-24 (some internal citations omitted).  Additionally:

> We recognize that multiple delays "would disrupt the efficient and just administration of justice and would send a blatant message that case management deadlines are meaningless." ***Kurian ex rel. Kurian v. Anisman***, 851 A.2d 152, 162 (Pa.Super. 2004) (internal quotations omitted). "When [case management] deadlines are violated with impunity ... the abusing party must be prepared to pay the consequences." ***Id.*** Even an order effectively dismissing a lawsuit "is in accordance with Pennsylvania's Rules of Civil Procedure" when a party suffers sufficient prejudice stemming from an unjustified delay. ***Id.***
>
> Nevertheless, while "these deadlines are far from meaningless [as t]hey are **court orders**[,]" we observe "our Supreme Court has made clear the fact that local rules, such as Philadelphia's case management system, must take a backseat to our Rules of Civil Procedure" in appropriate circumstances. ***Id.*** (emphasis in original). ***Gerrow, supra*** at 783-784, an opinion announcing the judgment of our Supreme Court makes clear that the Philadelphia trial courts should not rigidly enforce case management deadlines without adequately considering the basis of a party's motion for extraordinary relief, specifically the reasons cited in support of extending discovery. This opinion suggests that, in situations where the circumstances support extending the discovery deadlines, a denial of a party's motion for extraordinary relief may constitute "an unreasonable decision" on the part of the trial court and a "manifest injustice." ***Id.*** at 783. In addition, according to the concurring opinion authored by Justice Saylor, "rigid adherence" to the case management procedure established by Philadelphia's local rules may come into "tension with the present, applicable rules of civil procedure and prevailing decisional law" given the correct set of conditions. ***Id.*** at 784 (Saylor, J., concurring). Justice Saylor explained that this tension occurs when (1) the strict enforcement of the case management system constitutes a severe discovery

- 14 -

> sanction and (2) the trial court imposed this form of sanction without considering the pertinent legal standards in exercising its discretion. ***Id.*** Justice Saylor also emphasized that, if strictly enforcing case management deadlines equates to a severe discovery sanction, the trial court is required "to make an assessment for prejudice" when exercising its discretion. ***Id.***

***Anthony Biddle, supra*** at 922-24 (footnotes omitted) (emphasis in original).

Additionally, the Rules of Pennsylvania Civil Procedure provide that the court may, on motion, make an appropriate order for sanctions if a party fails to obey an order of court respecting discovery. ***See*** Pa.R.C.P. 4019(a)(1)(viii). Regarding discovery sanctions, Pennsylvania courts "highly disfavor dismissal of an action, whether express or constructive, as a sanction for discovery violations absent the most extreme of circumstances." ***City of Philadelphia v. Fraternal Order of Police Lodge No. 5 (Breary)***, 604 Pa. 267, 284, 985 A.2d 1259, 1270 (2009). "[W]here a discovery sanction either terminates the action directly or would result in in its termination by operation of law, the court must consider multiple factors balanced against the necessity of the sanction." ***Rohn and Haas Co. v. Lin***, 992 A.2d 132, 142 (Pa.Super. 2010), *cert. denied*, 565 U.S. 1093, 132 S.Ct. 852, 181 L.Ed.2d 550 (2011). "[E]ach factor represents a necessary consideration, not a necessary prerequisite." ***Id.*** Specifically, the court should consider:

> (1) the prejudice, if any, endured by the non-offending party and the ability of the opposing party to cure any prejudice; (2) the noncomplying party's willfulness or bad faith in failing to provide the requested discovery materials; (3) the importance of the excluded evidence in light of the failure to provide the discovery; and (4) the number of discovery violations by the offending party.

- 15 -

***City of Philadelphia, supra*** at 285-86, 985 A.2d at 1271. ***See also***

***Spigelmire v. Lehnhoff's Landscaping***, No. 1456 MDA 2024 (Pa.Super.

filed Jul. 1, 2025) (unpublished memorandum) (holding that trial court abused

its discretion by dismissing plaintiff's action where it did not consider **any** of

above-mentioned four factors); Pa.R.A.P. 126(b)(1) (stating we may rely on

unpublished decisions of this Court filed after May 1, 2019, for their persuasive

value).

Instantly, the court observed:

> Prior to trial, [Appellee] moved to preclude Appellant from entering at trial evidence of an unpaid $25,000 medical treatment bill for [Appellant]. Specifically, [Appellee] argued that [Appellant] had submitted the bill well past the discovery deadline and just a few days prior [to] trial in this case.
>
> Moreover, [Appellee] argued that there was no evidence that [Appellant] submitted this bill for review per Act IV of the Motor Vehicle Law[,] 75 Pa.C.S.A. § [1797](b)(1).[7] Appellant submitted no rejection letter of this bill; Appellant conceded this during argument on the motion.
>
> When asked by the [c]ourt how they would react if they received such a large outstanding medical bill from an opposing party on the eve of trial, Appellant responded[,] "I would settle the case."
>
> Because [Appellant] attempted to submit the $25,000 outstanding medical bill well beyond the discovery deadline in the case, and nearly on the eve of trial, this [c]ourt denied [Appellant's] motion to enter this evidence at trial due to its

---

[7] The trial court had mistakenly cited to Section 1979; there is no Section 1979 in the Motor Vehicle Code. Section 1797, referring to customary charges for treatment, provides for peer review plan for challenges to the reasonableness and necessity of treatment. ***See*** 75 Pa.C.S.A. § 1797(b)(1).

unfair surprise and potential prejudicial effect.

(Trial Court Opinion, 10/30/25, at 2-3) (unpaginated).

The record supports the trial court's conclusions. The initial case management order provided that discovery must be completed no later than July 2, 2023, and a revised case management order extended that deadline to October 2, 2023. During litigation, due to issues with obtaining records from Appellant's treating physicians, various motions were filed, including Appellant's September 21, 2023 motion for extraordinary relief in which Appellant asserted that he still needed to complete treatment courses and obtain medical records, as well as secure expert reports. The court denied Appellant's motion on September 25, 2023. Appellant did not file any motion for reconsideration, or additional motions for extraordinary relief.

Thereafter, Appellee requested that the court preclude Appellant from presenting any evidence produced after the discovery deadline, noting that Appellant had not filed a motion for reconsideration of the court's denial of his motion for extraordinary relief. At oral argument prior to trial, the parties argued for the first time, the admissibility of a $25,000.00 treatment bill offered by Appellant just days earlier. The record makes clear the court considered the prejudice Appellee would suffer based on Appellant's belated disclosure and did not rigidly adhere to the case management order deadlines without due consideration. *See Anthony Biddle Contractors, Inc., supra*.

Further, we emphasize that the court did not dismiss the action based on Appellant's discovery violation. Instead, the court prohibited Appellant

from introducing evidence that was presented well beyond the discovery deadline. Exclusion of this evidence did not have the effect of terminating the entire case. In imposing this sanction, the court considered and placed great weight upon the prejudice to Appellee as a result of Appellant's discovery violation, because there was little ability for Appellee to examine and/or attempt to refute the medical charges when Appellant produced this evidence just days before trial. **Compare Brown v. Trinidad**, 111 A.3d 765 (Pa.Super. 2015) (holding court did not abuse its discretion in permitting testimony from witness whose identity was not disclosed until after discovery deadline had passed because appellant had opportunity to depose this witness prior to trial and suffered no prejudice as result of late disclosure). While the court did not expressly mention each factor outlined above (**see City of Philadelphia, supra**), Appellant cites no law to support an argument that the court must expressly mention each of the relevant factors where the sanction imposed does not amount to dismissal of the action. Further, Appellant offers no specific authority to support his argument that, because he was still treating for injuries from the accident, he could introduce such evidence on the eve of trial without prior court approval. On this record, we cannot say that the court abused its discretion in precluding Appellant's additional medical bills, when they were introduced just before trial and far beyond discovery deadlines that had already been extended. **See Anthony Biddle Contractors, Inc., supra**. Accordingly, we affirm.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>6/16/2026</u>